# APRIL TERM, 1915.*

## BAUCINO v. FITZPATRICK.

1. MASTER AND SERVANT — SAFE PLACE.— NEGLIGENCE — SEWERS—DITCHES.

   A contractor who was constructing a water main was charged with the duty of providing a safe place for the work of a laborer who was engaged in excavating holes in the trench to enable other workmen to work under and around a water main and who had no part in the digging of the trench: the master's failure to provide sufficient bracing to prevent caving in, was negligence.

2. SAME—DELEGABLE DUTIES—FELLOW-SERVANTS.

   It is the master's duty to provide his servants with a reasonably safe place in which to work and the duty is not one which can be delegated, so as to evade liability for its violation.

3. SAME—ASSUMPTION OF RISK—CONTRIBUTORY NEGLIGENCE.

   Where plaintiff was a man experienced in working in trenches, and he called the attention of the foreman to the fact that there was no shoring or other protection against caving in, and was told by the foreman to go ahead, and where it was his duty to obey his superior and rely upon the judgment of the foreman, unless there was such obvious danger that an ordinarily prudent person would not have undertaken the work, even if ordered to do so, the question of his contributory negligence should have been submitted to the jury by the trial court.

4. SAME—MUNICIPAL CORPORATIONS — ORDINANCES — NEGLIGENCE—DUTY TO COMPLY WITH ORDINANCE.

   The rules of the municipal board of public works and ordinances, of a city, requiring contractors to guard

---

* Continued from Vol. 185.

trenches in public ways against accident by day and night, also rules of the said board requiring that the sides of the trenches should be braced and sheathed to prevent caving in, were intended as a provision for the safety of the public and imposed duties upon the defendant with relation to the public, not to employees.

OSTRANDER, J., dissenting on the ground that the doctrine of safe place was not involved.

Error to Kent; McDonald, J. Submitted October 16, 1914. (Docket No. 119.) Decided June 7, 1915.

Case by Andrew Baucino against James R. Fitzpatrick for personal injuries. Judgment for defendant upon a directed verdict. Plaintiff brings error. Reversed.

*William J. Landman* and *Fred P. Geib,* for appellant.

*Stevens T. Mason,* for appellee.

This is a personal injury case, arising out of injuries to the plaintiff caused by the caving in of a trench which was being prepared for the reception of a water main then being laid by the defendant, who was a contractor in the city of Grand Rapids. The trench was being dug in a public alley, and the plaintiff at the time of the accident was doing the work of a "bell hole" digger. In doing this work, it was his duty to dig a place in the bottom of the trench at the place where the small end of one pipe fitted into the flare end of another, so as to permit the workmen to get their arms under and around the pipe in order to calk the joint. The plaintiff, who is a foreigner about 35 years of age and had difficulty in understanding the English language, had worked in trenches more or less for five years in this country, and had also done similar work in Italy. He did not help dig the trench, but did this work of a bell hole digger at the

bottom of the trench after the gang of diggers who worked ahead had dug the trench to its proper depth. At the time of the accident the work was being directed by a foreman, Sullivan, and no sheathing, braces, or planks were used in the trench at the time the plaintiff was injured. It is the claim of the plaintiff that he called the attention of the foreman to the absence of the planking, but was told by him to attend to his own work and to hurry.

In his application for a plumber's license which he had obtained from the city of Grand Rapids, the defendant agreed "to conform to the rules and regulations of the board of public works and the ordinances of the city of Grand Rapids relative to such work." In his application for a permit to excavate in the public streets the defendant also agreed to "execute the work in strict conformity with the provisions of the rules and regulations of the board of public works. * * *" The charter of the city of Grand Rapids authorizes the board of public works to "fix and regulate, pursuant to the ordinances or resolutions of the common council, the opening of street surfaces, and the places and manner of laying down and taking up all motor, gas, steam, sewer, and other pipes and wires placed in the streets and other public places in said city." The rules of the board of public works adopted by virtue of the foregoing authority provide:

"Whenever the sides of the trenches will not stand perpendicular, sheathing and braces must be used to prevent any unnecessary cavings."

The ordinances of the city of Grand Rapids provide:

"Whenever any person or persons, company, association or corporation aforesaid, shall dig up or trench any street, avenue, lane, alley or public place for the purpose of laying down water or gas pipe or other conduit therein, they shall do so with as little disturbance, impediment or interruption to the ordinary

surface uses of the same as possible. * * * The work shall be well guarded, both by night and day, against accidents to persons and property during the entire progress, and the persons, company, association or corporation conducting the same, whether by contract or otherwise, shall be held liable to the city of Grand Rapids for any damages or costs recovered against it on account of any carelessness or negligence in that regard on their part."

At the close of the plaintiff's proofs, the court directed a verdict in favor of the defendant.

KUHN, J. (*after stating the facts*). It is the contention of the plaintiff that there was evidence of negligence on the part of the defendant sufficient to submit the case to the jury, and that it cannot be said that the plaintiff assumed the risk of injury resulting from the failure of the defendant to shore up and brace the sides of the trench, and that it cannot be said that he assumed the risk of the defendant's failure to comply with the ordinances of the city and the rules of the board of public works which required him to shore and brace the sides of the trench.

The plaintiff had no part in making the place in which he was required to do his work, nor was it a part of his duty to assist in shoring up or bracing the sides of the trench. He was directed to work in this particular place by the explicit command of the foreman Sullivan. Having in mind the rule that where a verdict is directed for the defendant the evidence presented by the plaintiff should be considered in a light most favorable to him, in our opinion the doctrine of safe place applies in the instant case. The plaintiff had a right to assume that the place where he was called upon to work was safe and that he would not be directed to work in an unsafe place. Under the well-established rule in this State, it is the duty of the master to provide his servant a place rea-

sonably safe to work in, and this duty is one which cannot be delegated by the master. *Orso* v. *Engineering Works,* 164 Mich. 568 (129 N. W. 673) ; *Ranta* v. *Mining Co.,* 180 Mich. 459 (147 N. W. 609) ; *Maki* v. *Copper Co.,* 180 Mich. 624 (147 N. W. 533).

It is said, however, that the plaintiff, being a man experienced in excavation work, knew the danger, as he called the attention of the foreman to the necessity of using planks so as to make the place safe. When the foreman's attention was called by the plaintiff to the necessity of protecting the excavation, he was told to go on with his work and to hurry. It was clearly his duty to obey his superior and to rely upon the latter's judgment, unless the danger was so obvious and imminent that an ordinarily prudent person would not have undertaken the work even though ordered by his master to do so. We do not think that this can be said in the instant case as a matter of law. Clearly there was enough testimony from which an inference might be drawn that the plaintiff did not regard the danger so immediate and imminent as to warrant him in disregarding the assurance and direction of his superior. This is a question which should have been submitted to the jury. See *Asplund* v. *Mining Co.,* 177 Mich. 529 (143 N. W. 633), wherein the authorities on this subject are reviewed. See, also, *City of Owensboro* v. *Gabbert,* 135 Ky. 346 (122 S. W. 178, 135 Am. St. Rep. 462, 21 Am. & Eng. Ann. Cas. 705).

The circuit judge in directing a verdict held that the ordinances of the city of Grand Rapids and the rules of the board of public works imposed upon the defendant duties to the public and not to the employees working in the trench. In this we are of the opinion that he was clearly right, under the authority of *Taylor* v. *Railroad Co.,* 45 Mich. 74 (7 N. W. 728, 40 Am. Rep. 457), affirmed in *Maclam* v. *Hallam,* 165

Mich. 686 (131 N. W. 81). The language of the ordinance and the rules of the board of public works is convincing that they were intended alone for persons using the street, and imposed a duty to the public and not to the individuals working in the trench. Being of the opinion, however, that the question of a safe place raises a question of fact for the jury, the judgment must be reversed and a new trial granted.

BROOKE, C. J., and McALVAY, STONE, BIRD, MOORE, and STEERE, JJ., concurred with KUHN, J.

OSTRANDER, J. (*dissenting*). Upon the facts disclosed by the record, I think the doctrine of "safe place" is not involved. The laying of a water main in a street involves the digging of a trench, the laying and the connecting of the sections of pipe, and the filling of the trench. It is a work of continuous construction from the time the ground is broken until it is replaced. Various methods may be, and are, employed to protect those engaged in the work of construction. But it seems to me plainly a misnomer to say that at any time during the progress of the work the master is under any duty to provide for the workmen a safe place within the meaning of the legal doctrine of "safe place." The duty of the master employing the men is in such a case one which grows out of the assurance that they can work in the place upon the ordinary conditions of safety usually found in such places. If this involves shoring up the sides of the trench, and shoring has been omitted, then the assurance has been falsely extended. One difference between the doctrine of safe place and the one I have indicated is that with respect to the latter the duty of the master is delegable, and I think no case can be found in which it has been held, in work such as that of digging a trench or sewer, that if the master provided material the duty of using it was not a

delegable duty. There was testimony tending to prove that plaintiff called the attention of the foreman to the fact that the walls of the trench were not shored up, that there were no plank there, that such plank as had been furnished for use were at another place, excepting, perhaps, some unsound, useless plank. There were a few rotten pieces, but they were not of use. I think therefore there was some testimony tending to prove the negligence of the defendant, whose foreman gave plaintiff, impliedly at least, the assurance that the place was safe enough, that there were no plank there, and that they could not stop the work to get plank. This being so, it cannot be said, as a matter of law, that the plaintiff assumed the risk. I agree with Mr. Justice KUHN in what he has said about the ordinance of the city of Grand Rapids, and in reversing the judgment and ordering a new trial.