## THIEL *v.* VERSCHOOR.

1. MASTER AND SERVANT — PERSONAL INJURIES — NEGLIGENCE OF MASTER QUESTION FOR JURY.

Whether the proprietor of a meat market, in requiring his servant to continue rubbing a powder into putrid meat with his bare hands for the purpose of making it look fresh and salable, after the servant had cut his finger and was unwilling to continue the work for fear of blood poisoning, was, at least, a question for the jury, in an action for personal injuries resulting in a loss of the finger due to blood poisoning.[1]

2. SAME—DUTY OF MASTER TO FURNISH SAFE PLACE AND MATERIALS FOR WORK.

A master is required to furnish his servant a reasonably safe place in which to work, and reasonably safe materials upon which to perform the services required of him.[2]

3. SAME—WORKMEN'S COMPENSATION ACT TAKES AWAY DEFENSES OF CONTRIBUTORY NEGLIGENCE AND ASSUMPTION OF RISK FROM MASTER NOT UNDER THE LAW.

Where a master is not operating under the workmen's compensation law, the common-law defenses of ordinary contributory negligence and assumed risk are not available to him in an action by a servant for personal injuries based upon the negligence of the master.[3]

Error to Kent; Dunham (Major L.), J.    Submitted April 23, 1926.    (Docket No. 64.)    Decided June 7, 1926.

Case by Joseph M. C. Thiel against Jacob Verschoor for personal injuries.    Judgment for defendant on a directed verdict.    Plaintiff brings error.    Reversed.

*Linsey, Shivel & Smedley,* for appellant.

*Cornelius Hoffius* and *Dorr Kuizema,* for appellee.

[1]Master and Servant, 39 C. J. § 1351; [2]Id., 39 C. J. § 441; [3]Workmen's Compensation Acts, C. J. §§ 158, 159.

McDONALD, J.    This action is for damages result-
ing from injuries charged to the negligence of the de-
fendant.    The defendant conducts a retail meat
market in the city of Grand Rapids.    The plaintiff
was employed by him as a meat cutter, sausage maker,.
and slaughterhouse man.    In the course of his busi-
ness the defendant bought and received at his market
two barrels of Kellies.    A Kelly is known to the trade
as part of a pig shoulder, which has the butt cut off.
This meat was spoiled when the defendant bought
it, and by reason of that fact he got it cheap.    The
record shows that it was slimy, green, and putrid..
Yet the defendant was willing to retail it to his.
customers.    He bought it for that purpose.    He
had some kind of powder which he claimed to have
brought from the old country, and which, when rubbed
into and over the surface of the meat, gave it a fresh
appearance.    Some of this powder was given to the
plaintiff and he was directed to trim and "doll up"
the meat, so that it might appear fit for human con-
sumption.    While thus engaged, the plaintiff cut the
index finger of one of his hands.    The defendant ap-
plied iodine and bandaged it, and again directed the
plaintiff to continue his work.    The plaintiff pro-
tested somewhat because of the fear of getting in-
fection from the putrid meat into the wound on his
finger.    The defendant assured him that the iodine
was sufficient protection from any such danger, and
again directed him to proceed with the work.    When
it was completed the plaintiff's finger was swollen and
painful.    It grew worse.    A doctor was called in
and plaintiff was removed to the hospital.    It was
there found that he was suffering from streptococci
blood poisoning.    `Ultimately it became necessary to
amputate the finger.    He alleges damages for pain
and suffering, for hospital expenses, and medical
services.    The defendant was not under the compen-

sation law. At the conclusion of the plaintiff's case, on motion, the circuit judge directed a verdict against him on two grounds, *first,* because no negligence on the part of the defendant had been shown, and, *second,* because the plaintiff was guilty of wilful negligence. The plaintiff brings error.

On the oral argument in this court counsel for the defendant conceded that the evidence did not justify the conclusion of the circuit judge that the plaintiff had been guilty of wilful negligence. Therefore, the record presents for our consideration only the question of defendant's negligence.

We think that the trial court erred in holding as a matter of law that the defendant was not guilty of any negligence which was the proximate cause of plaintiff's injuries. The relation of master and servant existed between these parties. It was the duty of the defendant to furnish the plaintiff a reasonably safe place in which to work, and reasonably safe materials upon which to perform the services required of him. The evidence is undisputed that the defendant knew that the circumstances under which the plaintiff was required to work were dangerous; he knew that the meat was decayed, putrid, and diseased; he knew that the plaintiff had an open cut upon his finger; that there was danger of getting infection into the wound by handling meat so filled with poisonous germs; he knew that there was a greater probability of this if the defendant rubbed powder into meat of this kind with his bare hands. With this knowledge he furnished the powder and against the protest of the plaintiff and with the assurance that it was safe, directed him to perform the work which resulted in his injury. In knowingly furnishing the plaintiff with unsafe material upon which to work, and directing that the work be done in a manner that would augment the danger, the defendant failed in his duty

and was therefore negligent.    At least, it was a question for the jury.    The common-law defenses of ordinary contributory negligence and assumed risk are not here available to the defendant.    The only questions involved are the wilful negligence of the plaintiff and the negligence of the defendant.    Under the facts in this record, the plaintiff is entitled to recover.    The court erred in directing the verdict against him.

The judgment is reversed, and a new trial granted, with costs to the plaintiff.

BIRD, C. J., and SHARPE, SNOW, STEERE, FELLOWS, WIEST, and CLARK, JJ., concurred.