MUCHLER *v.* JOHNSON.

1. MASTER AND SERVANT—EMPLOYER NOT SUBJECT TO WORKMEN'S
   COMPENSATION ACT—WILFUL NEGLIGENCE OF EMPLOYEE.
   Employee who is guilty of wilful negligence may not recover
   damages for injuries caused thereby from employer who elects
   not to be subject to the workmen's compensation act (2 Comp.
   Laws 1929, § 8407).

2. SAME—SAFE PLACE TO WORK—SUITABLE MACHINERY.
   A master has duty to provide his servant with a reasonably safe
   place to work and to supply him with suitable machinery and
   appliances for his safety in the performance of such work.

3. SAME—SAFE PLACE TO WORK—SUITABLE MACHINERY—EVIDENCE.
   Proof of mere happening of accident and resulting injury to em-
   ployee is insufficient to establish that employer breached his
   duty to provide suitable machinery and safe place to work.

4. SAME—IDLER PULLEYS—CLUTCH—COMMON-LAW DUTY—STATUTES
   —CUSTOMS AND USAGES.
   In employee's action against employer who had elected not to be
   subject to the workmen's compensation act for injuries sus-
   tained when hand was caught in a pulley while placing a belt
   thereon, evidence *held*, insufficient to show breach of common-
   law duty on part of employer to provide idler pulleys under
   such circumstances where a clutch mechanism was provided and
   it is not shown that provision of idler pulleys was customary
   among other employers under similar conditions; the declara-
   tion not being based upon any violation of statutory duty as
   to safeguarding machinery (2 Comp. Laws 1929, §§ 8330, 8407
   *et seq.*).

Appeal from Genesee; Gadola (Paul V.), J.   Sub-
mitted April 20, 1937.   (Docket No. 133, Calendar
No. 39,443.)   Decided June 7, 1937.

Case by Glenn Muchler against William D. Johnson for personal injuries alleged to have been sustained through negligence of defendant in not providing a safe place for plaintiff to work. Judgment for defendant. Plaintiff appeals. Affirmed.

*Harold H. Skinner* (*Walter C. Jones* and *Maurine L. Jones,* of counsel), for plaintiff.

*Fred A. Wertman,* for defendant.

CHANDLER, J. The defendant is the owner and operator of a feed mill and lumber yard. Plaintiff was employed by him as a general laborer. In addition to other duties, plaintiff operated the machinery supplying the power for the feed mill. The source of power is a Diesel type engine, driving a main shaft to which the balance of the machinery is connected by a system of belts and pulleys. The Diesel engine is started, when warm, by means of compressed air supplied by an air compressor operating from the drive shaft. When cold, however, it is necessary to revolve the engine by the use of a small electric motor until it will operate of its own power.

On the morning of February 9, 1935, plaintiff was using the electric motor for the purpose of starting the Diesel engine. The pressure in the compressed air tanks was low and he decided to increase the pressure while starting the engine. To accomplish this purpose, he went to the basement of the building to place the belt running to the air compressor on a pulley which was then revolving on the main shaft. In so doing, his hand was caught between the belt and the pulley, resulting in fractures of his arm.

Plaintiff's declaration alleges negligence in that the defendant did not furnish an idler pulley either upon the drive shaft or the air compressor and thereby eliminate the danger of injury. The record reveals that a clutch was provided whereby the drive shaft could be disengaged from the source of power and that the employees, including plaintiff, had been instructed by defendant not to place the belts upon the pulleys without first stopping the shaft by means of the clutch.

The cause was tried before the court without a jury. Plaintiff appeals from a judgment for defendant.

Defendant, at the time of the injury, had elected not to be subject to the provisions of the workmen's compensation act, Act No. 10, Pub. Acts 1912 (1st Ex. Sess.), as amended. (2 Comp. Laws 1929, § 8407 *et seq.*) Both plaintiff and defendant, in their briefs, concede that plaintiff cannot recover if he was guilty of wilful negligence. 2 Comp. Laws 1929, § 8407. Without regard to this question, a careful examination of the record does not to our mind reveal negligence on the part of defendant.

Plaintiff does not allege a violation of a statutory duty on behalf of defendant (2 Comp. Laws 1929, § 8330) but rests his case upon an alleged violation of a common-law duty in that defendant failed to provide an idler pulley either upon the line shaft or the air compressor to eliminate the danger of injury.

The record in many respects is meager. It does not indicate the size of the pulley causing the injury nor the material of which it was constructed. Nor does it reveal the speed of the drive shaft, although there is some testimony to the effect that some of the

machinery was operated at the rate of 3,000 revolutions per minute.

It is undoubtedly the duty of the master to provide his servant with a reasonably safe place to work and to supply him with suitable machinery and appliances for his safety in the performance of such work. *Swoboda* v. *Ward*, 40 Mich. 420 (15 Am. Neg. Cas. 752, 16 Am. Neg. Cas. 1) ; *VanDusen* v. *Letellier*, 78 Mich. 492. See, also, *Washington & Georgetown R. Co.* v. *McDade*, 135 U. S. 554 (10 Sup. Ct. 1044). But proof of the mere happening of an accident and the resulting injury is not of itself sufficient to establish that defendant breached his duty in this particular. Plaintiff made no showing that defendant failed to use due care for his safety under the existing circumstances. No effort was made to adduce evidence as to the standard of care exercised by other employers using machinery of the type to be found in defendant's mill. In the absence of at least a showing that it was customary to provide idler pulleys under similar conditions, defendant cannot be held guilty of negligence. See *Walters* v. *Wolverine Cement Co.*, 148 Mich. 315.

Judgment affirmed, with costs.

FEAD, C. J., and NORTH, WIEST, BUTZEL, BUSH-NELL, SHARPE, and POTTER, JJ., concurred.