## VILLAR v E W BLISS COMPANY

Docket No. 62720. Submitted July 11, 1983, at Detroit.—Decided
April 18, 1984. Leave to appeal applied for.

Marcelo Villar brought an action for damages for personal injury
against E. W. Bliss Company in the Wayne Circuit Court,
alleging negligence in the design of a press and breach of
implied warranty. The court, Charles S. Farmer, J., entered
judgment on a jury verdict for plaintiff. Defendant appealed,
alleging error in the court's failure to grant a directed verdict
and in failing to give a requested standard jury instruction.
*Held:*

1. The test for a manufacturer's liability with respect to
negligent design of a product is whether the manufacturer has
failed to protect against a risk that is unreasonable and foresee-
able. A product is not defective if it is reasonably safe for its
foreseeable uses. The press in question had no motor or dies
and was designed for incorporation into a press system. Where
a product cannot be used unless incorporated into a system,
and where safety devices elsewhere in the system can render
the entire system reasonably safe for its foreseeable uses, the

REFERENCES FOR POINTS IN HEADNOTES

[1] 63 Am Jur 2d, Products Liability §§ 5-7.
   75 Am Jur 2d, Trial §§ 481-483.
[2, 3] 63 Am Jur 2d, Products Liability § 359 *et seq.*
   Products liability: modern cases determining whether product is
   defectively designed. 96 ALR3d 22.
[3] 63 Am Jur 2d, Products Liability § 478.
[4, 5] 63 Am Jur 2d, Products Liability § 380.
[5] 63 Am Jur 2d, Products Liability §§ 180 *et seq.,* 367, 368, 752.
   Products liability: industrial presses. 8 ALR4th 70.
   Products liability, manufacturer's or seller's obligation to supply or
   recommend available safety accessories in connection with indus-
   trial machinery or equipment. 99 ALR3d 693.
   Products liability: duty of manufacturer to equip product with
   safety device to protect against patent or obvious danger. 95
   ALR3d 1066.
[6] 75 Am Jur 2d, Trial § 610.
   Construction of statutes or rules making mandatory the use of
   pattern or uniform approved jury instructions. 49 ALR3d 128.

manufacturer has no duty to incorporate safety devices into its product, unless the manufacturer knows or has specific reason to know that the purchaser will use the product unsafely. Absent such knowledge, the duty of an employer to maintain a safe workplace renders the purchaser's failure to incorporate safety devices elsewhere in the system unforeseeable.

2. The court erred in failing to give a properly requested standard jury instruction.

Reversed and remanded.

1. TRIAL — DIRECTED VERDICTS — PRODUCTS LIABILITY.

A trial court should not direct a verdict for a defendant in a products liability case where, taking the evidence in a light most favorable to plaintiff, a prima facie case of liability is established.

2. PRODUCTS LIABILITY — MANUFACTURER'S LIABILITY — NEGLIGENT DESIGN.

The test for a manufacturer's liability with respect to negligent design of a product is whether the manufacturer has failed to protect against a risk that is unreasonable and foreseeable.

3. PRODUCTS LIABILITY — NEGLIGENT DESIGN — IMPLIED WARRANTY.

Negligent design falls under both a negligence theory and an implied warranty theory of liability because a manufacturer has a duty to produce a reasonably fit product under either concept.

4. PRODUCTS LIABILITY — DEFECTIVE PRODUCT.

A product is not defective if it is reasonably safe for its foreseeable uses.

5. PRODUCTS LIABILITY — SAFETY DEVICES — DUTY OF MANUFACTURER.

A manufacturer of a press which is designed for incorporation into a system and which has neither a motor nor dies has no duty to provide safety devices not ordered by the original purchaser, absent evidence that the manufacturer knew or had specific reason to know that the purchaser would use the press unsafely.

6. TRIAL — JURY INSTRUCTIONS — STANDARD JURY INSTRUCTIONS — APPEAL.

Where there is an omission of, or a deviation from, an applicable and accurate Standard Jury Instruction, prejudicial error will be presumed provided that an erroneously omitted SJI was properly requested at trial, and provided, in those cases where error is charged as a result of a deviation from a SJI, the

deviation was brought to the attention of the trial court prior
to the commencement of jury deliberations.

*Levine & Benjamin, P.C.* (by *Martin Stein),* and
*Johnson, Campbell & Moesta* (by *Reginald John-
son),* for plaintiff.

*Van Deveer, Garzia, Tonkin, Kerr & Heaphy,
P.C.* (by *Ivan E. Kerr),* and *Gromek, Bendure &
Thomas* (by *Mark R. Bendure* and *Daniel J.
Wright),* for defendant.

Before: J. H. GILLIS, P.J., and GRIBBS and H. R.
GAGE,* JJ.

PER CURIAM. Plaintiff was injured at work while
operating a press manufactured by defendant in
1930 and brought this action against defendant on
theories of negligence in the design of the press
and breach of implied warranty. After a jury trial,
a verdict awarding plaintiff damages of $250,000
was returned, and defendant appeals as of right.

I

Defendant argues that the trial court erred by
denying its motion for a directed verdict. A di-
rected verdict for defendant in a civil case should
not be granted unless, viewing the evidence in the
light most favorable to plaintiff, no reasonable
person would conclude that a prima facie case for
liability was established. See, for example, *Blanch-
ard v Monical Machinery Co,* 84 Mich App 279,
282; 269 NW2d 564 (1978).

Defendant's argument focuses on an essential
element common to both of plaintiff's theories of
liability. See *Hartford Fire Ins Co v Walter Kidde*

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

*& Co, Inc,* 120 Mich App 283, 292; 328 NW2d 29 (1982):

"With respect to negligent design, this Court has stated that a manufacturer's liability is predicated upon whether he has failed to protect against a risk that is 'unreasonable and foreseeable by the manufacturer'. Such a test focuses on the reasonableness of the manufacturer's conduct since it is the duty of the manufacturer to exercise due care. *Durkee v Cooper of Canada, Ltd,* 99 Mich App 693, 699; 298 NW2d 620 (1980). Negligent design falls under both a negligence theory and an implied warranty theory of liability because a manufacturer has a duty to produce a reasonably fit product under either concept. *Elsasser v American Motors Corp,* 81 Mich App 379, 385; 265 NW2d 339 (1978)."

In *Fredericks v General Motors Corp,* 411 Mich 712; 311 NW2d 725 (1981), plaintiff was injured in a press accident and sued defendant, who had supplied the dies used in the press. The evidence showed that the dies were intended for use as part of a press system and that the accident could have been prevented either by guards on the dies or by other safety devices elsewhere in the press system. The Court pointed out that, at the time of plaintiff's injury, MCL 408.852; MSA 17.49(2), enacted by 1967 PA 282, placed a duty on an employer to maintain a reasonably safe workplace.[1] That sec-

---

[1] Although the *Fredericks* Court, at 411 Mich 720, emphasized that the statute was enacted in 1967 and was in existence at the time of injury, the date of injury (and, for that matter, the date of manufacture) actually has little significance. Long before 1967 PA 282, Michigan courts recognized that, as a matter of common law, an employer has a duty to maintain a reasonably safe workplace. *Swoboda v Ward,* 40 Mich 420 (1879); *Smith v Peninsular Car Works,* 60 Mich 501; 27 NW 662 (1886); *Van Dusen v Letellier,* 78 Mich 492; 44 NW 572 (1889); *Kaukola v Oliver Iron Mining Co,* 159 Mich 689; 124 NW 591 (1910); *Baucino v Fitzpatrick,* 186 Mich 1; 152 NW 927 (1915); *Thiel v Verschoor,* 235 Mich 373; 209 NW 53 (1926); *Muchler v Johnson,* 280 Mich 527; 273 NW 794 (1937). For an early statute recognizing such a duty, see 1929 CL 8330.

tion was subsequently repealed by 1974 PA 154, which, however, enacted MCL 408.1011; MSA 17.50(11), which contains an equivalent provision. The Court reasoned that the employer's statutory duty rendered it unforeseeable that the employer would fail to incorporate adequate safety devices into the press system and concluded that the trial court did not err in granting defendant's motion for a directed verdict on plaintiff's products liability theory.

Here, as in *Fredericks,* a statute in existence at the time of plaintiff's injury placed a duty on the employer to maintain a reasonably safe workplace. The press manufactured by defendant here, like the dies at issue in *Fredericks,* was only a part of a press system. The press at issue here could only be used in conjunction with dies, a power source, and some method of feeding materials into the press, whether manual, semi-automatic, or automatic. The press was harmless and inoperable unless incorporated into such a system. Plaintiff introduced evidence indicating that the accident could have been prevented if the press had been equipped with a single-stroke mechanism or with a dual palm button activation mechanism placed a sufficient distance from the press. Testimony showed one possible safety device, pull-back straps, was not an integral part of the press and could be installed by the employer, but the testimony was sharply divided as to whether such a safety device was adequate. However, unrebutted testimony showed that the press at issue could be operated safely in conjunction with a semi-automatic or automatic feeding mechanism. Moreover, unrebutted testimony also showed that this accident would have been prevented had the press been equipped with guards on the dies, or other die-related safety

devices such as an air ejection system or a sliding die.

Because *Fredericks* shows that it was not foreseeable that plaintiff's employer would fail to incorporate the press into a press system containing adequate safety devices, the trial court erred by declining to grant defendant's motion for a directed verdict.

We note that here, in contrast to *Fredericks,* plaintiff does not rely on a negligent entrustment theory. Nevertheless, we also note that plaintiff produced no evidence tending to show the essential element of a cause of action based on such a theory, that defendant knew or should have known that plaintiff's employer would use the press in an unsafe manner. 411 Mich 719.

A product is not defective if it is reasonably safe for its foreseeable uses. *Hartford Fire Ins Co, supra,* p 292.

Plaintiff's expert admitted that defendant's press was multi-purpose and that this meant it was designed for a wide variety of operations. He also admitted it was impossible for defendant to install a safety device which would cover all purposes to which the press could be assigned. At the time of sale, the press had neither a motor nor any dies and, thus, was incapable of injuring anyone in the way that plaintiff had been injured.

It follows then that, absent evidence that defendant knew or had specific reason to know that the original purchaser would use the press unsafely, it had no duty to provide safety devices not ordered by that purchaser. In other words, the specific use to which plaintiff's employer put the machine was not *foreseeable* without *some* evidence that defendant knew or should have known of the purchaser's unsafe use. See *Antcliff v State Employees*

*Credit Union,* 95 Mich App 224; 290 NW2d 420 (1980), *aff'd* 414 Mich 624; 327 NW2d 814 (1982), *reh den* 417 Mich 1103 (1983).

## II

We will briefly address a relatively novel issue raised by defendant, although its resolution is not essential to our decision. Michigan Standard Jury Instructions must be given if properly requested, provided they are applicable and accurately state the law. GCR 1963, 516.6(2). Where there is a deviation from a properly requested, applicable, and accurate Michigan Standard Jury Instruction, prejudicial error will be presumed provided that the deviation was brought to the attention of the trial court prior to commencement of jury deliberations. *Javis v Ypsilanti Bd of Ed,* 393 Mich 689, 702-703; 227 NW2d 543 (1975); *Socha v Passino,* 405 Mich 458; 275 NW2d 243 (1979).

Here, defendant requested SJI 25.32, which provides in pertinent part:

"Plaintiff has the burden of proving each of the following:

"a. That the defendant [manufactured/ and/or /designed] a [product/ _____ (name of product)] which created an unreasonable risk of harm \* \* \*."

The word "unreasonable" was added to the instruction by amendment in October, 1981. The trial here took place in January, 1982, but the trial court failed to give the amended version of the instruction. No contention is made that the instruction as amended was not applicable or did not accurately state the law; rather, plaintiff argues that defendant did not properly request the amended instruction.

In requesting the instruction, defendant did not specify that the instruction had recently been amended. Careful attorneys in similar circumstances would do well to point out the amendment in order to avoid all possible confusion. However, before jury deliberations commenced, defendant called the attention of the trial court to the omission of the word "unreasonable". Nevertheless, the trial court inexplicably declined to give a corrected instruction.

By requesting the instruction and by pointing out at the appropriate time the trial court's deviation from the approved language, defendant did all that the Court in *Javis, supra,* pp 702-703, required for application of the presumption of prejudicial error. The *Javis* standard requires an objection in time for the trial court to correct any deviation from the approved language before jury deliberations commenced; it does not require litigants to anticipate that, when the requested instruction is given, the trial court will prove to be unaware of a recent amendment. The trial court's departure from the approved language and refusal to give a corrected instruction would, under other circumstances, require reversal and a new trial.

Reversed and remanded for entry of a judgment for defendant.