**William H. DEROMEDI and Irmaleen Deromedi, Plaintiffs,**

v.

**LITTON INDUSTRIAL PRODUCTS, INC., Defendant.**

No. G83–1172 CA5.

United States District Court, W.D. Michigan, S.D.

June 9, 1986.

---

Barry D. Boughton, Sinas, Dramis, Brake, Boughton, McIntyre & Reisig, P.C., Lansing, Mich., for plaintiffs.

George E. Petersmarck, Jr., Barbier, Goulet & Petersmarck, P.C., Mount Clemens, Mich., for defendant.

## OPINION

BENJAMIN F. GIBSON, District Judge.

Plaintiffs brought this action claiming damages for injuries sustained when William Deromedi was struck in the back by a V–6 crankshaft as it was thrown from a computer operated grinding machine manufactured by the defendant. Plaintiffs allege a breach of implied warranty of the grinder and negligent design, manufacture and supply of spare parts for the machine. Now before the Court is plaintiffs' motion for partial summary judgment on the issue of the affirmative defense of superseding intervening causation, as asserted by the defendant.

Defendant contends that the conduct of plaintiff's employer, General Motors ("GM"), relative to safeguarding the equipment, along with plaintiff's unforeseeable misuse of the equipment, was a superseding intervening cause which relieves the defendant from liability. Specifically, defendant claims that GM negligently permitted the plaintiff to work on the equipment, knowing that he was improperly trained; that lack of training prevented early detection of system malfunctions; that GM negligently failed to distribute the proper service manuals for the machinery prior to the incident; that the safety gate surrounding the equipment was negligently left open. Defendant further contends that the spare component part in question, an I/0 Ramp Module circuit board, was not defective in any way when it left the defendant's control, and that hazards were created by GM when it negligently incorporated the board into the Multiple Wheel Grinder machine.

Plaintiff contends that, even assuming the allegations of negligence to be true, that the conduct is not, as a matter of law, a superseding cause sufficient to relieve defendant from liability.

Defendant bases its defense of superseding causation on GM's alleged violation of its statutory duty to maintain a safe work environment. M.C.L.A. § 408.1011, M.S.A. § 17.50(11). This statute provides in part:

> That an employer must furnish to each employee employment in a place which is free from recognized hazards which are causing or likely to cause, death or serious physical harm to the employee.

Defendant contends that the violation of this duty relieves it from liability based upon superseding causation. Defendant analogizes the cases of *Fredericks v. General Motors Corp.*, 411 Mich. 712, 311 N.W.2d 725 (1981); *Bullock v. Gulf & Western Manufacturing*, 128 Mich.App. 316, 340 N.W.2d 294 (1983); and *Villar v. E.W. Bliss Co.*, 134 Mich.App. 116, 350 N.W.2d 920 (1984). A review of these cases reveals that they addressed the issue of the "duty" of the manufacturer and not the issue of a superseding cause on the part of the plaintiff or his employer.

In *Fredericks*, the plaintiff was injured in a press accident and sued the defendant, who had supplied the dies used in the

press. Plaintiff alleged negligent entrustment and strict liability for defective design of an unreasonably dangerous product (the unguarded dies). The Supreme Court of Michigan stated that it was considering the issue of whether, prior to entrusting a die set to a manufacturer of automobile components, defendant had a *duty* to place guards on the die set or warn the manufacturer of its hazards. (Emphasis added) 411 Mich. at 718, 311 N.W.2d 725. The Court held that "a product is defective if it is not reasonably safe for its foreseeable uses." *Id.* at 720, 311 N.W.2d 725. The Court noted that "an unguarded die may be used in a reasonably safe manner in a guarded press or in an unsafe manner in an unguarded press." The Court further concluded that in light of the statutory duty imposed on the manufacturer, that it could not hold as a matter of law that it was foreseeable to defendant that the product it supplied would be used in an unsafe manner rendering it defective. *Id.* at 720, 311 N.W.2d 725. The Court in *Fredericks* found no duty to provide guards on the die set and it therefore upheld the directed verdict of the trial court.

The Court of Appeals in *Bullock* followed *Fredericks*, analogizing facts and further explaining the rationale. In *Bullock*, the defendant sold plaintiff's employer a multi-purpose punch press. Plaintiff was injured and he sued the manufacturer of the press claiming a breach of implied warranty and/or breach of duty to exercise due care for plaintiff's safety. He claimed that the defendant should have provided a mechanical interlock guard when it manufactured the press. The Court upheld the directed verdict of the trial court. In doing so, it noted that, as in *Fredericks* the defendant had merely supplied one component of the system on which plaintiff was injured. The Court noted that the evidence established that that part alone was harmless and that until the entire system is assembled, the press is "reasonably safe for its foreseeable uses" as a multi-purpose punch press. The Court further concluded that in light of the fact that plaintiff's employer was under the statutory duty to

provide a safe work place, it was not foreseeable that the product supplied would be used in an unsafe manner, rendering it defective. 128 Mich.App. at 321, 340 N.W.2d 294.

In *Villar*, plaintiff sued for injuries sustained from his use of a multi-purpose punch press, claiming that the manufacturer should have included various types of safety devices. The Court noted that the press was multi-purpose and that it would be impossible to design a safety device that would cover all possible uses of the press. 134 Mich.App. at 121, 350 N.W.2d 920. The Court concluded that "absent evidence that defendant knew or had specific reason to know that the original purchaser would use the press unsafely, it had no duty to provide safety devices not ordered by that purchaser." *Id.* As the employer's specific use of the machine was not foreseeable, the Court upheld the directed verdict of the trial court.

The above cited cases all concern the duty of a manufacturer of component parts to provide a more safe design. Although the cases refer to the foreseeability of the actual uses of the product in the context of determining whether a duty exists, none of the cases directly addresses the issue of negligence of a plaintiff or his employer as a superseding intervening cause of injuries sustained. However, the Court is mindful of the interrelationship of the "foreseeability" test to the concepts of duty and proximate cause. Defendant contends that the unforeseeable uses in these cases which absolved the duty of the manufacturer to provide safety design are also applicable in the proximate cause context as unforeseeable, and therefore superseding, acts which break the chain of causation. While this basic premise is true, the Court finds significant factual distinctions which limit the application of these cases.

In each case, defendant was merely a supplier of a component part used in a particular machine. The component part had multiple uses which would have been impossible to design a safety device for at the time for manufacture. The component

was integrated into a particular system by the employer and safety devices could have been employed at the point of operation. On these facts, the Courts concluded that the components were "reasonably safe for their foreseeable uses" as multiple purpose parts and that as the employer was under a statutory duty to provide a safe work place, absent knowledge of the intended use, it was deemed unforeseeable that the employer would not apply safeguards at the point of operation. *Bullock*, 128 Mich. App. at 321, 340 N.W.2d 294; *Villar*, 134 Mich.App. at 121, 350 N.W.2d 920.

■ Defendant erroneously contends that breach of the statutory duty to provide a safe workplace is applicable in this context, thereby making such conduct an unforeseeable and thus superseding cause of injury. As stated above, the Michigan Courts concluded that there was a breach of the statutory duty, which made unsafe uses unforeseeable, where the product was safe for multiple uses, where the employer could have adapted safety devices for the particular use and where the defendant had no prior knowledge of the use. In this case, defendant manufactured both the component part and the grinding machine in which it was integrated. The machine is a single purpose system and its specific use was known to the defendant at the time of purchase and when it supplied the replacement component circuit board. Defendant contends that the circuit board was safe for its intended use and that hazards were created by GM when it incorporated the circuit board into the machine. In this instance, however, the duty involved is much greater than that in the cited cases, because the defendant knew of the intended use of the machine and supplied the spare circuit board which controlled the function of the machine. Although the circuit board was the wrong one for the particular use and though it may have been safe for its intended use, it was foreseeable that GM would incorporate the part it received into the machine, rendering it unsafe. Prior knowledge of the potential unsafe use distinguishes this case and therefore the defendant cannot escape liability as a matter of law. *Villar*, 134 Mich.App. at 121, 350 N.W.2d 920.

■ The Court is of the opinion that the unsafe use of the component was foreseeable and that any negligence by the plaintiff or by GM, in their alleged failure to train, is not a superseding intervening cause. A superseding cause is "an act of a third person or other force which by its intervention prevents the actor from being liable for harm to another which his antecedent negligence is a substantial factor in bringing about." Restatement (Second) of Torts § 440 (1977). An intervening force is "one which actively operates in producing harm to another after the actor's negligent act or omission has been committed." *Id.* § 441. An intervening act is considered a superseding cause of injury if it is unforeseeable. *Comstock v. General Motors Corporation*, 358 Mich. 163, 178, 99 N.W.2d 627 (1959).

The failure of plaintiff or his employer to discover the improper circuit board is a normal foreseeable consequence of the situation. The physical appearance of the board is virtually identical to that of the correct board and the replacement board was specifically ordered for use with the particular machine. Moreover, the defendant should have realized that when it supplied the incorrect circuit board, that a third person would likely assume it was the correct one and integrate it into the machine. Any negligence of GM or the plaintiff in failing to discover the mistake was foreseeable, and though a possible contributing cause, such negligence was not a superseding cause of injury.

Having concluded that integration of the incorrect circuit board was a foreseeable consequence of defendant's negligence, the Court holds that the conduct of plaintiff and his employer is not, as a matter of law, a superseding cause sufficient to relieve the defendant of liability. Accordingly, plaintiff's motion for partial summary judgment on the affirmative defense of superseding causation is granted.