PEOPLE v HEGEDUS (ON REMAND)

Docket No. 119407. Submitted July 31, 1989, at Lansing. Decided
     January 16, 1990. Leave to appeal applied for.

     Patrick Hegedus was charged in the Oakland Circuit Court with
          involuntary manslaughter and conspiracy to violate the Michi-
          gan Occupational Safety and Health Act. The charges arose as
          a result of the death of an employee from carbon monoxide
          intoxication while working in a van owned by a company for
          whom the defendant worked as a supervisor. The court, Francis
          X. O'Brien, J., granted the defendant's motion to quash the
          information on the manslaughter charge and reversed the
          binding over on the ground that the defendant had no duty or
          ability to inspect the van or to take it out of service. The Court
          of Appeals, McDONALD and E. M. THOMAS, JJ. (DANHOF, C.J.,
          dissenting), affirmed, finding that criminal prosecution was
          preempted by the federal Occupational Safety and Health Act.
          169 Mich App 62 (1988). The people appealed. The Supreme
          Court reversed, holding that the federal Occupational Safety
          and Health Act does not preempt state criminal prosecution for
          a death occurring in the workplace even though it was alleg-
          edly caused by conduct that violated OSHA standards, and
          remanded the decision to the Court of Appeals for the limited
          purpose of determining whether the magistrate abused his
          discretion in binding defendant over on the involuntary man-
          slaughter charge for the reasons stated by the circuit court
          judge. 432 Mich 598 (1989).

     On remand, the Court of Appeals held:

     Defendant was charged with involuntary manslaughter based
          on his alleged failure to perform a legal duty, i.e., to provide a
          work environment free of known hazards and to furnish equip-
          ment which could be operated safely. The circuit court dis-
          missed the charges against defendant on the basis that the

REFERENCES

Am Jur 2d, Homicide § 88; Master and Servant §§ 195, 202, 318,
     319.
See the Index to Annotations under Carbon Monoxide; Homicide;
     Occupational Safety and Health; Safety Codes and Standards;
     Safety Precaution or Device.

prosecution failed to establish the first element of the crime, the existence of a legal duty. While an employer has a common-law duty to his employee to maintain a reasonably safe workplace and to furnish, inspect and keep fit suitable equipment, defendant was not the deceased's employer and did not own the equipment responsible for the accident. The prosecution's reliance on an employer's common-law duty to maintain a safe workplace was thus misplaced when asserted against defendant, and there is no other criminal statutory duty applicable to defendant except perhaps the duties contained in OSHA and MIOSHA, under which defendant was not charged. Under these circumstances, the magistrate abused his discretion in binding defendant over for trial. The circuit court's dismissal of the involuntary manslaughter charges against defendant is affirmed.

Affirmed.

DANHOF, C.J., dissented. He would hold that defendant, although not the deceased's employer, had the responsibility of assigning trucks and work areas to the employees, gathering and reporting maintenance problems with the trucks to the company's mechanics, and removing from service trucks which were in a dangerous condition. As supervisor, he also had the capacity, means and ability to prevent the decedent from going out in a defective truck. Furthermore, there was evidence that the condition of the decedent's truck had been addressed to defendant prior to decedent's death. A magistrate should not discharge a defendant when the evidence conflicts or raises a reasonable doubt as to guilt. Because the evidence shows that at either common law or under OSHA and MIOSHA a duty was owed to the decedent to prevent him from being the victim of carbon monoxide intoxication, the magistrate did not abuse his discretion in binding the defendant over for trial on the charge of involuntary manslaughter. Judge DANHOF would reverse the judgment of the trial court and reinstate the information against defendant.

HOMICIDE — INVOLUNTARY MANSLAUGHTER — DEATH OF EMPLOYEE — UNSAFE WORK ENVIRONMENT — DUTY.

It was an abuse of discretion for a magistrate to bind a deceased employee's supervisor over for trial on charges of involuntary manslaughter on the basis of the supervisor's alleged failure to provide a work environment free of known hazards and to furnish equipment which could be operated safely where the employee died from carbon monoxide intoxication due to a faulty exhaust system on his employer's truck; while an employer has a common-law duty to his employees to maintain a

reasonably safe workplace and to furnish, inspect and keep fit suitable equipment, the supervisor had no such duty; the involuntary manslaughter charge against the supervisor therefore should have been dismissed.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief, Appellate Division, and *Michael J. Modelski,* Assistant Prosecuting Attorney, for the people.

*Kenneth M. Mogill,* for defendant.

ON REMAND

Before: DANHOF, C.J., and McDONALD and CAVANAGH, JJ.

McDONALD, J. This case is on remand to this Court by order of the Supreme Court for the limited purpose of considering the following issue: "[W]hether the magistrate abused his discretion in binding over the defendant on the involuntary manslaughter charge for the reasons stated by the circuit judge." 432 Mich 598, 625; 443 NW2d 127 (1989).

In our earlier opinion, 169 Mich App 62; 425 NW2d 729 (1988), we affirmed the circuit court's dismissal of the charges against defendant, concluding the federal Occupational Safety and Health Act, 29 USC 651 *et seq.*, precluded the application of the state's general criminal sanctions to the instant defendant. The Supreme Court reversed, finding no preemption. We read the Supreme Court's opinion as permitting criminal prosecution of conduct that violates either the federal OSHA or the Michigan OSHA, MCL 408.1001 *et seq.*; MSA 17.50(1) *et seq.*, if the conduct also violates a criminal law. In the instant case defendant's con-

duct is alleged to constitute the criminal act of involuntary manslaughter.

We again affirm the circuit court's dismissal of the involuntary manslaughter charges against defendant. Although perhaps not evident from our prior opinion, we believe the problem with defendant's criminal prosecution stems from the lack of a duty owed the deceased by defendant and the people's improper attempt to create such a duty by reference to certain standards for safe carbon monoxide levels contained in OSHA and MIOSHA while at the same time rejecting prosecution under the same statutes.

Defendant was charged with involuntary manslaughter based on his alleged failure to perform a legal duty, "to provide a work environment free of known hazards and to furnish equipment which can be operated safely." Involuntary manslaughter based on the omission to perform a legal duty encompasses the following elements: 1) legal duty, 2) capacity, means and ability to perform the duty, 3) willful neglect or refusal to perform the duty, and 4) death as a direct and immediate consequence of a failure to act. *People v Sealy,* 136 Mich App 168; 356 NW2d 614 (1984); CJI 16:4:08.

The circuit court dismissed the charges against defendant, finding the people failed to establish the first element of the crime, the existence of a legal duty. We agree with the circuit court and find the magistrate abused his discretion in binding defendant over for trial. *People v Gonzalez,* 178 Mich App 526; 444 NW2d 228 (1989).

Although the people correctly argue the existence of a common-law duty owed an employee by his employer to maintain a reasonably safe workplace, *Villar v E W Bliss Co,* 134 Mich App 116; 350 NW2d 920 (1984), and to furnish, inspect and keep fit suitable equipment, *Johnson v Spear,* 76

Mich 139; 42 NW 1092 (1889), the instant defendant was not the deceased's employer and did not own the equipment responsible for the accident. Thus, the people's reliance on an employer's common-law duty to maintain a safe workplace is misplaced when asserted against the instant defendant. Moreover, our search has failed to provide any other criminal statutory duty applicable to the instant defendant except perhaps the duties contained in OSHA and MIOSHA under which defendant was not charged.

Thus, although defendant's conduct may violate OSHA or MIOSHA standards, such conduct does not constitute the criminal act of involuntary manslaughter.

Affirmed.

CAVANAGH, J., concurred.

DANHOF, C.J. *(dissenting).* I respectfully dissent from the majority's conclusion that the magistrate abused his discretion in binding over defendant on the charge of involuntary manslaughter.

If it appears that a felony has been committed for which there is probable cause to charge the defendant, it is the statutory duty of the magistrate to bind the defendant over for trial. MCL 766.13; MSA 28.931; *People v Hill,* 433 Mich 464, 469; 446 NW2d 140 (1989). On review, the magistrate's findings will not be disturbed unless there has been an abuse of discretion. *People v Talley,* 410 Mich 378, 385; 301 NW2d 809 (1981). Part of the magistrate's duty is to judge the credibility of witnesses. *Id.* Regard is to be given to the special opportunity of the magistrate to judge the credibility of the witnesses who appear before him. See *In re Miller,* 433 Mich 331, 337; 445 NW2d 161 (1989).

I dissent because the evidence in this case clearly shows that at common law and under OSHA or MIOSHA a duty was owed to the decedent to prevent him from being the victim of carbon monoxide intoxication. Careful reading of the preliminary examination transcript reveals that although defendant was not the deceased's employer, he was delegated the responsibility for assigning trucks and work areas to the employees. As supervisor, defendant was also responsible for gathering and reporting maintenance problems with the trucks to the company's mechanics. Although defendant may not have had a duty to repair the vehicle himself, since he was not a mechanic, he clearly had a duty to remove from service trucks which were in a dangerous condition. Since defendant was the supervisor over the employees, he also had the capacity, means and ability to prevent the decedent from going out in the defective truck. In addition, there was conflicting evidence that the condition of the decedent's truck had been addressed to defendant prior to decedent's death. Nevertheless, a magistrate should not discharge a defendant when the evidence conflicts or raises a reasonable doubt as to guilt. *Hill, supra* at 469. Such questions are for the trier of fact. *Id.*

Because there was no abuse of discretion in this case on the part of the magistrate in binding over defendant on the charge of involuntary manslaughter, the trial court should not have substituted its judgment for that of the magistrate. I would reverse the judgment of the trial court and reinstate the information.