JOHNSON v PUREX CORPORATION

Docket No. 64217. Submitted June 15, 1983, at Detroit.—Decided
    September 14, 1983. Leave to appeal applied for.

    Jonathan Johnson was injured when his hand and arm were
    pulled into a plastics extruding machine. He and Brenda John-
    son brought an action aginst Purex Corporation, which had
    purchased the machine from the manufacturer and subse-
    quently sold it to the corporate predecessor to Johnson's em-
    ployer. Plaintiffs alleged that Purex was negligent and had
    breached implied warranties by having altered a safety device
    on the machine. The Wayne Circuit Court, Harry J. Dingeman,
    J., directed a verdict in favor of defendant and entered judg-
    ment thereon. Plaintiffs appealed, alleging that a directed
    verdict was improper on both the negligence and the implied
    warranty counts. *Held:*

    1. A seller of a used product owes a legal obligation to future
    and foreseeable users of the product to exercise the reasonable
    care required of a reasonably prudent seller under the existing
    circumstances. The question of whether a seller who altered a
    safety device so that it violated the then-current industry
    standards is liable for injuries caused to an employee of a
    subsequent owner is a question of fact for determination by a

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 5] 63 Am Jur 2d, Products Liability § 27.
[2] 75 Am Jur 2d, Trial § 482.
[3, 5] 63 Am Jur 2d, Products Liability §§ 63, 65, 66, 74.
    Products liability: manufacturer's or seller's obligation to supply or
        recommend available safety accessories in connection with indus-
        trial machinery or equipment. 99 ALR3d 693.
    Products liability: duty of manufacturer to equip product with
        safety device to protect against patent or obvious danger. 95
        ALR3d 1066.
    Admissibility in evidence, on issue of negligence, of codes or stan-
        dards of safety issued or sponsored by governmental body or by
        voluntary association. 75 ALR2d 778.
[4, 5] 63 Am Jur 2d, Products Liability §§ 65, 71.
    Manufacturer's or seller's duty as to product design as affecting his
        liability for product-caused injury. 76 ALR2d 91.

jury. The trial court improperly directed a verdict for defendant on the negligence count.

2. An occasional seller of used machinery who modifies a safety device to substantially increase the risk of injury should be held to be in the same position as a manufacturer of an inadequate safety device, subject to an implied warranty that the machine is reasonably free from defects. A directed verdict on the warranty claim was improper.

Reversed and remanded.

1. PRODUCTS LIABILITY — USED PRODUCTS — REASONABLE CARE.

A seller of a used product owes a legal obligation to future and foreseeable users of the product to exercise the reasonable care required of a reasonably prudent seller under the existing circumstances.

2. PRODUCTS LIABILITY — DIRECTED VERDICT — STANDARD OF REVIEW.

The standard of review of a grant of a directed verdict for the defendant in a products liability case is whether, taking the evidence in a light favorable to the plaintiff, a prima facie case of liability is established and, if so, a motion for directed verdict should be denied; only when all reasonable men would agree to facts which preclude liability should a directed verdict be granted for the defendant.

3. PRODUCTS LIABILITY — SAFETY DEVICES — QUESTION OF FACT.

The question of whether a seller of a machine, who altered a safety device so that it violated the then-current industry standards, is liable for injuries caused to an employee of a subsequent owner of the machine is a question for submission to the jury, not for determination by the trial judge as a matter of law.

4. PRODUCTS LIABILITY — SAFETY DEVICES — DESIGN DEFECTS.

The inadequacy of a safety device on a machine is a design defect which may support a breach of warranty claim.

5. PRODUCTS LIABILITY — SAFETY DEVICES — USED MACHINES — IMPLIED WARRANTY.

An occasional seller of used machines who modifies a safety device so that the risk of injury is substantially increased is in the same position as the manufacturer of an inadequate safety device and may be held liable for breach of a common-law implied warranty that the machines are reasonably free from defects.

*Dice, Sweeney, Sullivan & Feikens* (by *Jack E. Vander Male* and *Kristine J. Galien),* for plaintiffs.

*Sullivan, Ward & Bone, P.C.* (by *Gerard J. Andree),* for defendant.

Before: BRONSON, P.J., and T. M. BURNS and H. E. DEMING,* JJ.

PER CURIAM. Plaintiffs appeal as of right from a directed jury verdict of no cause of action.

Plaintiff Jonathan Johnson's hand and arm were pulled through two rollers of a plastic extruding machine. Because of defendant's alleged alteration of a safety device, these rollers would only open up one-half inch. Since these rollers would not open to two and one-half inches as they were originally designed, Johnson's arm and hand had to be squeezed back out through the rollers, causing substantial injury. Plaintiffs then brought this suit alleging that defendant was negligent and breached implied warranties by altering the safety device to reduce the space between the rollers. After plaintiffs presented their evidence at trial, the judge directed a verdict for defendant without stating his reasons for doing so.

On appeal, plaintiffs first argue that the trial court improperly directed a verdict for defendant on the negligence count. Under the laws of this state, a seller of a used product owes a legal obligation to future and foreseeable users of the product to exercise the reasonable care required of a reasonably prudent seller under the existing circumstances. *Blanchard v Monical Machinery Co,* 84 Mich App 279, 283; 269 NW2d 564 (1978); *Bevard v Ajax Mfg Co,* 473 F Supp 35, 40 (ED

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

Mich, 1979). The standard for reviewing a directed verdict for defendant was stated in *Blanchard, supra,* p 282:

"The standard of appellate review in measuring the granting of directed verdicts for defendants in product liability cases is whether, taking the evidence in a light favorable to plaintiff, a prima facie case of liability is established. If so, a motion for directed verdict should be denied. Only when all reasonable men would agree to facts which preclude liability, should a directed verdict be granted for defendant." (Footnote omitted.)

See also *Ownes v Allis-Chalmers Corp,* 414 Mich 413; 326 NW2d 372 (1982).

At trial, plaintiffs produced evidence to show that when the defendant, the original owner of the machine, purchased it from the manufacturer, the pinch rollers were adjusted to have a two and one-half inch space between them when the safety mechanism was engaged. Plaintiffs also produced evidence that when Lapeer Plastics purchased the machine the rollers would only open to about three-quarters of an inch.[1] This was approximately the same distance the rollers would open when the injury occurred.

In *Bevard v Ajax Mfg, supra,* the Court interpreting Michigan law stated: "[i]f we somehow create a zone of risk or danger, then we are obligated, in law, to all those whom we could or should foresee as entering into that zone". The ultimate question, therefore, is whether a seller of a machine who altered a safety device so that it violated the then current industry standards is liable for injuries caused to an employee of a subsequent owner of the machine. As stated in *Blanchard,* "[t]his question was not one for deter-

---

[1] Lapeer Plastics was purchased by Johnson's employer.

mination by the trial judge as a matter of law; on the contrary, it was a question for submission to the jury under a proper instruction". 84 Mich App 285. Therefore, the trial court improperly directed a verdict for defendant on the negligence count.

Plaintiffs also argue that the trial court improperly granted a directed verdict for defendant on the implied warranty claim. Defendant brought its motion for directed verdict relying on *Bevard v Ajax, Mfg, supra.* In *Bevard,* the Court held that the occasional seller of used machines "as is" is not bound by implied warranties that the machines are reasonably free from defects. In this case, however, viewing the evidence in a light most favorable toward plaintiffs, defendant in its maintenance of the machine altered a safety device rendering it inadequate. The inadequacy of a safety device is a design defect which may support a breach of warranty claim. *Johnson v Chrysler Corp,* 74 Mich App 532, 537; 254 NW2d 569 (1977), *lv den* 400 Mich 861 (1977). An occasional seller of used machines who modifies a safety device so that the risk of injury is substantially increased should certainly be held to be in the same position as the manufacturer of an inadequate safety device. An implied warranty to this effect would not encourage economic waste as defendant argues. Imposing a duty upon the seller of used machines to maintain safety devices would help reduce the number of industrial accidents. The defendant essentially manufactured the defect in the safety device and sold it without returning it to its original condition. Accordingly, the defendant may be held liable for breach of common-law implied warranty. The trial court improperly granted a directed verdict on plaintiffs' warranty claim.

Reversed and remanded.