GRANGER v FRUEHAUF CORPORATION

Docket No. 77395. Submitted August 20, 1985, at Detroit.—Decided November 18, 1985. Leave to appeal applied for.

Plaintiff, William Granger, was employed as a truck driver for the Standard Lead Company of Detroit. On March 20, 1978, plaintiff was delivering a load of loose copper tubings to a plant in New Jersey. Plaintiff was hauling the load in a high-side open-top trailer that had been manufactured by defendant, Fruehauf Corporation, in 1969 and sold as a used vehicle by defendant to Standard Lead under an "as is" sale agreement in 1975 after inspection for Standard Lead by plaintiff. The trailer involved in this case had no roof over it and a canvas tarpaulin was secured over the load to protect it. Upon plaintiff's arrival at the plant, he was instructed to remove the tarp from his trailer and to wait for it to be unloaded. The plant provided no dock or catwalk to reach the top of the trailer and the trailer itself did not have a ladder to assist the driver in climbing to the top of the trailer. Plaintiff climbed the rear door of the trailer, stood on the load inside the trailer, and rolled back the tarp. After plaintiff had completed the rolling up of the tarp, plaintiff began to dismount the trailer. As plaintiff was dismounting, his foot slipped from the door handle and plaintiff fell to the ground. Plaintiff brought an action against defendant in the Wayne Circuit Court, alleging negligence and breach of implied warranty in designing the trailer without a ladder. The court, Marianne Battani, J., entered judgment on a jury verdict for plaintiff on the negligence claim and for defendant on the breach of implied warranty claim. Defendant appealed. *Held:*

1. The factual inquiry in a products liability action against a

REFERENCES

Am Jur 2d, Appeal and Error §§ 736 *et seq.*

Am Jur 2d, Federal Rules of Evidence §§ 82 *et seq.*, 273 *et seq.*

Am Jur 2d, Products Liability §§ 284 *et seq.*

Am Jur 2d, Trial §§ 573 *et seq.*

Strict liability in tort: Liability of seller of used product. 53 ALR3d 337.

Necessity and propriety of instructing on alternative theories of negligence or breach of warranty where instruction on strict liability in tort is given in products liability case. 52 ALR3d 101.

manufacturer is the same under either an implied warranty theory or a negligence theory where the issue is an alleged defect in design. Thus, the jury's veredicts on the two claims were inconsistent and a new trial is required.

2. A defense witness had testified that it was foreseeable that access to the top of the trailer from which plaintiff fell might be necessary. Thus, the court properly allowed the introduction of photographs of different types of trailers with ladders manufactured by defendant prior to 1969 to show the precautions taken in the manufacturing of other trailers where it was recognized that access to the top of the trailers was required.

3. The rule that excludes evidence of remedial measures taken by an alleged tortfeasor in tort actions excludes only those remedial measures taken after the event of injury or death in question. Thus, the trial court did not err in admitting a photograph of a trailer similar to the one in question manufactured in 1971 by defendant and having a ladder.

4. The court did not err in refusing to give the instruction on industry standards that defendant requested. The instruction requested was incomplete and thus inaccurate.

5. The trial court did not err in refusing to give the instruction requested by defendant charging plaintiff, as an experienced buyer of trailers, with appreciation of the dangers of buying the trailer without a ladder. The requested instruction was not a completely accurate statement of the law.

6. The court's refusal to admit a certain document was harmless error.

7. The court properly allowed a hypothetical question propounded by plaintiff to a physician as being supported by the evidence.

8. Improper references to plaintiff's recovery of workers' compensation benefits was cured by an instruction to the jury.

Reversed and remanded.

1. PRODUCTS LIABILITY — IMPLIED WARRANTY — NEGLIGENCE — DESIGN DEFECTS — APPEAL.

The factual inquiry in a products liability action aginst a manufacturer is the same under either an implied warranty theory or a negligence theory where the issue is an alleged defect in design; in such a case a jury verdict for one party on one theory and for the opposing party on the other theory results in an inconsistency requiring a new trial.

2. EVIDENCE — RELEVANCY — RULES OF EVIDENCE.

A determination of the relevancy of evidence is within the trial

court's discretion; evidence is relevant and generally admissible if it has a tendency to make the existence of a material fact more or less probable; even if relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury (MRE 401, 402, 403).

3. Products Liability — Used Products — Duty of Care.

A seller of used products has a duty to act as a reasonably prudent seller would under then existing circumstances when selling goods or equipment that are used or sold "as is".

4. Products Liability — Evidence — Remedial Measures — Rules of Evidence.

The rule that excludes evidence of remedial measures taken by an alleged tortfeasor in tort actions excludes only those remedial measures taken after the event of injury or death in question (MCL 600.2946[3]; MSA 27A.2946[3]; MRE 407).

5. Trial — Jury Instructions.

Generally, a properly requested jury instruction must be given if it accurately states the law, is applicable, and strictly complies with the language of the applicable Standard Jury Instruction; where there is no Standard Jury Instruction on point, the trial court may give concise, understandable, conversational and nonargumentative instructions provided they are applicable and accurately state the law.

6. Trial — Jury Instructions.

The determination of whether a requested jury instruction is applicable and accurately states the law is addressed to the trial court's discretion.

7. Products Liability — Evidence — Industry Standards.

Compliance by a manufacturer with governmental and industrial standards in the manufacture of a product is admissible as evidence, but compliance is not conclusive as to whether the defendant was negligent or the product was defective (MCL 600.2946; MSA 27A.2946).

8. Evidence — Documentary Evidence — Rules of Evidence.

Documents sought to be admitted must be authenticated by the introduction of evidence sufficient to support a finding that the documents are what they claim to be; a foundation can be laid for admissibility by testimony of a witness with knowledge who can also identify and authenticate the evidence (MRE 901).

9. Evidence — Appeal — Court Rules — Rules of Evidence.

Generally, a party may not predicate error upon a ruling which

excludes evidence unless substantial rights are affected by its exclusion; where a proponent of admissible documentary evidence is able, through the testimony and arguments of an oppponent, to make full use of the contents of the document, the court's refusal to admit the document is harmless (GCR 1963, 529.1; MCR 2.613[A]; MRE 103[a]).

10. MOTIONS AND ORDERS — MISTRIAL — APPEAL.
   Decisions on motions for mistrials are within a trial court's sound discretion and will not be reversed on appeal absent a finding of an abuse of discretion resulting in a miscarriage of justice.

*Lopatin, Miller, Freedman, Bluestone, Erlich, Rosen & Bartnick* (by *Richard E. Shaw*), for plaintiff.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen, P.C.* (by *John R. Jacobs*), for defendant.

Before: MacKENZIE, P.J., and CYNAR and H. E. DEMING,* JJ.

CYNAR, J. This appeal arises out of a products liability action filed by the plaintiff after he was injured when he fell from a trailer manufactured by the defendant. Plaintiff brought suit alleging both negligence and breach of implied warranty against the defendant for its manufacturing of an allegedly defectively designed high-side open-top trailer. It was asserted that the trailer was defective because it did not have a ladder on the exterior of the trailer to allow the driver safe access to the top. A jury trial was held in Wayne County Circuit Court on August 4-11, 1983. The jury returned a verdict in favor of the plaintiff, finding that defendant had been negligent in the design of the trailer but that defendant had not breached an implied warranty. Plaintiff was ultimately awarded $250,000 in damages. Defendant appeals as of right.

* Circuit judge, sitting on the Court of Appeals by assignment.

In March of 1978, plaintiff was employed as a truck driver for the Standard Lead Company of Detroit. On March 20, 1978, plaintiff was delivering a load of loose copper turnings to the AMX plant in Carteret, New Jersey. Plaintiff was hauling the load in a high-side open-top trailer that had been manufactured by the defendant in 1969 and sold as a used vehicle by defendant to Standard Lead under an "as is" sale agreement in 1975. The trailer involved in this case had no roof over it and a canvas tarpaulin (tarp) is secured over the load to protect it.

Upon plaintiff's arrival at the AMX facility, he was instructed to remove the tarp from his trailer and to wait for it to be unloaded. The AMX facility provided no dock or catwalk to reach the top of the trailer and the trailer itself did not contain a ladder to assist the driver in climbing to the top of the trailer. As a result, to remove the tarp, plaintiff was required to climb the rear door of the trailer, stand on the load inside the trailer, and roll back the tarp. After plaintiff had completed the rolling up of the tarp, plaintiff began to dismount the trailer in reverse fashion. However, as plaintiff was dismounting, his foot slipped from the door handle and plaintiff fell to the ground. Plaintiff testified he received severe injuries as a result of the fall.

It was plaintiff's contention at trial that a ladder or some other safety device on the trailer could have prevented the accident. Pursuant to the adverse-witness statute, the plaintiff called Adrian Hulverson, vice-president of engineering for the defendant, to testify. Hulverson indicated that Fruehauf built high-side open-top trailers because certain customers wanted trailers which could be loaded and unloaded from the top by using overhead cranes as opposed to loading or unloading

through rear doors. Hulverson opined that there was no consensus standard in the industry as to what equipment should be placed on a high-side open-top trailer except as to body parts concerning strength requirements. He testified that he knew of no standards for safety equipment when the trailer is in a stationary position for loading or unloading.

Defendant first argues that the jury verdict in this case cannot be allowed to stand because it is legally inconsistent. Defendant contends that the verdict was inconsistent because, in a products liability case alleging defective design, it is legally inconsistent for the jury to exonerate a manufacturer on an implied warranty claim but to find liability on a negligent design count. We agree.

The distinction between the elements of negligence and breach of implied warranty were explained in *Smith v E R Squibb & Sons, Inc,* 405 Mich 79, 88, 89-90; 273 NW2d 476 (1979).

The plaintiff in *Squibb* based liability of the drug manufacturer on an alleged failure to provide adequate warnings to the medical profession concerning the dangers of the drug in question. It was undisputed that there was no intrinsic defect in the drug. Both a breach of implied warranty and negligence were pled. The trial court refused to instruct the jury concerning the warranty claim. The court recognized that implied warranty and negligence are separate and distinct theories of recovery and under the implied warranty theory plaintiff need only establish that the defect was attributed to the manufacturer, regardless of the care exercised by the manufacturer. The Supreme Court stated that the trial court's instruction was correct because the factual issue was not whether the product itself was defective but whether the manufacturer provided adequate warnings. The

Court noted that in such cases: 1) breach of implied warranty and negligence involved identical evidence and requre proof of exactly the same elements; and 2) the legal standard under either theory is one of reasonable care under the circumstances.

In *Prentis v Yale Manufacturing Co,* 421 Mich 670, 691-693; 365 NW2d 176 (1984), plaintiffs pled both breach of implied warranty and negligence. The factual inquiry was whether the product was unreasonably dangerous because it lacked a seat or platform for the operator. The test in determining whether the design was "unreasonably dangerous" was whether the alleged defect in design created an unreasonable risk of foreseeable injury. The trial court properly instructed the jury on the theory of negligent design but refused to instruct the jury on breach of implied warranty. The Supreme Court held, noting *Squibb, supra,* that, under the facts presented, refusal to instruct on breach of warranty did not consitutue error. To instruct on the negligence and implied warranty theories would have been repetitive, unnecessary and the jury could have been misled into believing that plaintiff could recover under the warranty count even if the jury found there was no defect in the design of the product. The *Prentis* Court noted that, in a case involving a manufacturer who was also the seller, like defendant herein, "it is inconceivable that a jury could determine that the manufacturer had not breached its duty of reasonable care and at the same time find that the product was not reasonably safe for its reasonably foreseeable uses. The question in either case turns on reasonable care and reasonable safety, and * * * the liability of the manufacturer rests 'upon a departure from proper standards of care so that

the tort is essentially a matter of negligence'." 421 Mich 693.

In the present case, the jury was instructed pursuant to the traditional jury instructions concerning negligent design and implied warranty that were recognized as applicable at the time of the trial. The jury was given the standard jury instructions for negligent design cases, SJI2d 25.32, and a separate instruction on implied warranty, SJI2d 25.22. We note that the Supreme Court recently disapproved the use of SJI2d 25.22 in products liability cases alleging defective design. See *Prentis, supra,* p 695, fn 32.

Defendant moved for a new trial but did not raise the issue of the inconsistent jury verdict in its motion for new trial. Our consideration of this issue is therefore precluded unless a manifest injustice would result.

We find that the jury verdict rendered in this products liability action for an allegedly defective design is inconsistent under the common law and resulted in prejudicial error to defendant. As the Supreme Court stated in *Prentis, supra,* our holding is based upon a recognition that "under the common law of products liability, in an action against the manufacturer of a product based upon alleged defect in design, 'breach of an implied warranty and negligence involve identical evidence and require proof of exactly the same elements'." *Prentis, supra,* p 692. That is, the factual inquiry under either theory is whether the manufacturer disigned a defective product. The jury in this case found that defendant did not breach an implied warranty of fitness but that defendant was negligent in designing the trailer involved in this case. The jury's verdict was legally inconsistent and self-contradictory. We therefore set the inconsistent jury verdict aside and remand this case for

new trial. *Harrington v Velat,* 395 Mich 359, 360; 235 NW2d 357 (1975).

Defendant next argues that the trial court committed reversible error by admitting into evidence certain exhibits of plaintiff's which were irrelevant and prejudicial. The challenged exhibits were photos of other trailers manufactured by defendant, some after 1969, which were equipped with ladders. The determination of whether evidence is relevant is within the sound discretion of the trial court. The trial court's decision will not be reversed absent a showing of a clear abuse of discretion. *Citizens National Bank of Cheboygan v Mayes,* 133 Mich App 808; 350 NW2d 809 (1984), *lv den* 421 Mich 852 (1984); *Blanchard v Monical Machinery Co,* 84 Mich App 279; 269 NW2d 564 (1978). Generally, evidence is relevant and admissible if it has a tendency to make the existence of a material fact more or less probable. MRE 401 and 402. However, even if relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or if misleading to the jury. MRE 403.

The first exhibits which defendant claims were erroneously admitted were plaintiff's exhibits 6 through 8: photographs of a 1964 cement trailer, a 1966 bulk semi-trailer with central discharge, and a 1969 dump trailer, all manufactured by defendant and designed with ladders attached. Defendant argues that the exhibits were irrelevant because they involved completely different types of trailers, with different uses and loading procedures than the 1969 high-side open-top trailer involved in the present case. We disagree.

At trial, plaintiff contended that a reasonable seller of a high-side open-top trailer would have attached a ladder to the trailer. In order to per-

suade the jury that a reasonable seller of such trailers would recognize the utility and safety consequences of attaching such a ladder, plaintiff sought to admit various photographs of trailers with ladders attached. During direct examination, Adrian Hulverson conceded that it was foreseeable that a person would have to have access to the top of this type of trailer. After this admission by Hulverson, plaintiff sought to admit exhibits 6 through 8. Defendant objected to the admission of these exhibits on the basis that they were irrelevant and prejudicial. Plaintiff argued that the exhibits were relevant to show what equipment was placed on trailers when it was recognized that workers would be requried to have access to the top of the trailers.

The exhibits were clearly relevant to show the precautions taken in the manufacturing of other trailers where it was recognized that access to the top of such trailers was required. Our review of the record also convinces us that the introduction of exhibits 6 through 8 did not cause any undue prejudice to defendant or create confusion with the jury. Under the circumstances, we find no clear abuse of discretion in the trial court's ruling.

We now address defendant's claim of error concerning the admission of plaintiff's exhibit 10—a photo of a Fruehauf trailer manufactured by defendant in 1971. The trailer pictured in exhibit 10 was similar to the trailer involved in this case but was equipped with a ladder and manufactured two years later.

The trial court apparently detemined that exhibit 10 was admissible because it concerned a trailer that was manufactured before defendant sold the 1969 used trailer to Standrad Lead in 1975. In *Blanchard, supra,* we held that a seller of used products has a duty to act as a reasonably

prudent seller would under then existing circumstances when selling goods or equipment that are used or sold "as is". See also *Johnson v Purex Corp,* 128 Mich App 736; 341 NW2d 198 (1983), *lv den* 419 Mich 901 (1984).

In *Downie v Kent Products, Inc,* 420 Mich 197, 210, 212; 362 NW2d 605 (1984), our Supreme Court held that the rule set forth in MRE 407 and MCL 600.2946(3); MSA 27A.2946(3) on evidence of remedial measures excludes only those remedial measures taken after the event of injury or death in question. In the present case, the challenged evidence was an example of a change in design in a trailer manufactured by defendant and placed in use before defendant resold the trailer involved in this case and before plaintiff sustained the injuries complained of. We find that there was no clear abuse of discretion in the trial court's decision to admit exhibit 10 into evidence.

Finally, defendant's argument concerning the prejudicial impact of plaintiff's exhibits 11 and 15 is totally without merit because they were excluded from evidence by the trial court.

Defendant next argues that the trial court's refusal to give defendant's requested jury instruction on the effect of manufacturing a product pursuant to generally recognized standards in the industry deprived defendant of a fair trial. We disagree.

The defendant requested that the following instruction be given:

"Evidence that a product is manufactured and sold pursuant to a general recognized standard customer [*sic;* standard or custom], is evidence of lack of negligence, and lack of breach of a warranty on the part of the defendant."

The trial court denied defendant's request without

stating any reasons on the record. However, at defendant's motion for a new trial, the court stated that the requested instruction was not given because it was only a partial statement of the law.

It is generally recognized that a properly requested jury instruction must be given if it accurately states the law and if it is applicable to the case. *Young v E W Bliss Co,* 130 Mich App 363; 343 NW2d 553 (1983). However, when, as in this case, a party requests an instruction that is not covered by the Standard Jury Instructions, the trial court may, at its discretion, "give additional concise, understandable, conversational and nonargumentative instructions provided they are applicable and accurately state the law". *Young, supra,* p 371. The determination of whether a requested jury instruction is applicable and accurately states the law is within the discretion of the trial court. *Moody v Pulte Homes, Inc.* 125 Mich App 739, 754; 337 NW2d 283 (1983), *lv granted* 419 Mich 869 (1984).

In the present case, the instruction requested by the defendant was incomplete and thus an inaccurate statement of the law. The defendant's instruction failed to state that defendant's compliance with industry standards did not preclude the trier of fact from finding that certain conduct was negligent. See, *Owens v Allis-Chalmers Corp,* 414 Mich 413; 326 NW2d 372 (1982); *Hartford Fire Ins Co v Walter Kidde & Co, Inc,* 120 Mich App 283, 292; 328 NW2d 29 (1982); *Elsasser v American Motors Co,* 81 Mich App 279; 265 NW2d 339 (1978). Evidence of compliance with industry standards is certainly admissible, MCL 600.2946; MSA 27A.2946, but it is not conclusive and therfore any instruction which does not state that fact is one-sided and unfair.

Because the instruction actually requested in

this case was incomplete, the trial court did not abuse its discretion in refusing to give the defendant's requested instruction and reversal on this point is therefore not required.

Defendant next claims that the trial court committed reversible error when it refused to give defendant's requested jury instruction on plaintiff's experience as a purchaser of open-top trailers.

The defendant requested the following instruction be given to the jury:

"As an experienced purchaser of trailers, plaintiff is charged with full appreciation of the dangers of purchasing an open-top van trailer without a ladder."

The trial court refused to give the requested instruction. The court stated that the instruction requested by defendant was sufficently covered by the Standard Jury Instructions and therefore it was unnecessary. A properly requested jury instruction should be given so long as it accurately states the law and is applicable to the case. *Young, supra.* Whether an additional instruction is accurate and should be given is left to the discretion of the trial court. *Moody, supra,* p 754.

In the present case, the instruction requested by the defendant was practically identical to its theory of the case. Defendant argued to the jury that, because of plaintiff's experience and the fact that the trailer was purchased on an "as is" basis, he was in the best position to know if a ladder was required, given what was customary in the industry. Apparently, the trial court felt that the instruction was adequately covered by the Standard Jury Instructions on comparative negligence, which were given to the jury. However, defendant relies on *Antcliff v State Employees Credit Union,* 414 Mich 624; 327 NW2d 814 (1982), *reh den* 417

Mich 1103 (1983), and argues that the instruction should have been given. We disagree.

*Antcliff* involved a duty-to-warn case that is clearly distinguishable from the present action. In *Antcliff* the Court held that under the facts of the case, the defendant was under no duty to instruct about the safe rigging of the product given the plaintiff's experience in the area. However, in *Ownes, supra,* the Court in a design defect case noted that the fact that a danger is obvious does not necessarily bar recover. *Owens, supra,* p 425. We conclude that defendant's requested instruction was not a completely accurate statement of the law and therefore the trial court did not err in rejecting it.

Defendant's next claim of error involved the trial court's decision not to admit into evidence defendant's exhibit 13—an employee statement signed and verified by plaintiff. The statement contained a different accident date than alleged by plaintiff at trial and omitted any statement concerning how and where the accident took place. Defendant attempted to introduce the statement into evidence in an effort to persuade the jury that the accident never occurred and that plaintiff's story was fabricated. The trial court ruled that defendant's exhibit 13 was inadmissible because the individual who had filled out the form was not available for cross-examination and a proper foundation had not been laid for its admission.

To be admissible at trial, documents sought to be admitted must be authenticated by the introduction of evidence sufficient to support a finding that the documents are what they claim to be. MRE 901. Under MRE 901(b)(1), a foundation can be laid for admissibility by testimony of a witness with knowledge who can also identify and authenticate the evidence. In the present case, the plain-

tiff testifed at trial that he signed the document and provided the information contained therein. The fact that the person who actually prepared the document was not present for cross-examination is irrelevant because the authenticity and the validity of the document was supported by the plaintiff and was not questioned. See *Pennington v Whiting Tubular Products, Inc.* 370 Mich 590, 599-600; 122 NW2d 692 (1963). Therefore, the necessary foundation for admission of the exhibit was laid.

We must now determine whether the trial court's refusal to admit the exhibit was harmless error.

Generally, a party may not predicate error upon a ruling which excludes evidence unless substantial rights are affected by its exclusion. MRE 103(a). Here, defendant, through the testimony of plaintiff and its own arguments, was able to make full use of the contents of the exhibit. Under the circumstances, the trial court's refusal to admit the exhibit was harmless. GCR 1963, 529.1 [MCR 2.613(A)].

Defendant next claims that the trial court erred in ruling that a hypothetical question asked of plaintiff's neurological surgeon, Dr. Latimer, was supported by the evidence introduced at trial. Our review of the record convinces us that there is no basis for reversal on this point.

Plaintiff's appeal brief demonstrates that the challenged hypothetical question was supported by trial testimony. The hypothetical question was asked for the purpose of determining whether plaintiff's medical condition was permanent. Prior to plaintiff's asking the challenged hypothetical question, plaintiff testified that he still experienced numbness through his thumbs and forefinger and pain in his back. He also stated that, if he did any

heavy work, he would lose the use of his right arm temporarily. Plaintiff's wife corroborated plaintiff's testimony on this point. Additionally, Dr. Latimer testified that, because plaintiff's condition had not improved significantly after surgery, he did not believe that there was a chance for further improvement.

Thus, the evidence at trial supported the hypothetical question concerning whether plaintiff's injuries were permanent. Defendant was therefore not prejudiced by the hypothetical question and we decline to reverse on this point. *Tucker v Sandlin*, 126 Mich App 701, 706-707; 337 NW2d 637 (1983), *lv den* 419 Mich 859 (1984).

Defendant's final argument involves the trial court's denial of defendant's motion for new trial on the basis that references were made during trial to plaintiff's recovery of workers' compensation.

Prior to trial, an order *in limine* was entered by the trial court which prohibited the parties from mentioning any workers' compensation recovery by plaintiff. During the cross-examination of defense witness Ansel Aberly references were made to plaintiff's workers' compensation claim. In an unsolicited remark, Aberly indicated that the first time he heard about plaintiff's fall was when plaintiff filed a workers' compensation claim. Aberly made several other references to workers' compensation recovery by the plaintiff in response to questioning from plaintiff's counsel. Plaintiff's counsel finally objected to the references and the trial court instructed the witness, outside the presence of the jury, not to refer to the workers' compensation claim filed by plaintiff. The trial court subsequently instructed the jury to disregard the testimony concerning workers' compensation.

Defendant moved for mistrial claiming that it

had been prejudiced by the repeated references to plaintiff's workers' compensation and the trial court denied defendant's motion. In denying the motion, the court noted that the defendant had not objected to the references at the time they were made to prevent further inquiry. The court concluded that there was no intentional violation of the court's order *in limine* concerning reference to plaintiff's workers' compensation recovery. The court found that a mistrial was not warranted because curative instructions were given to the jury.

A decision to grant or deny a motion for mistrial is within the sound discretion of the trial court. We will not reverse a trial court's decision absent an abuse of discretion which has resulted in a miscarriage of justice. *Anderson v Harry's Army Surplus, Inc,* 117 Mich App 601, 615; 324 NW2d 96 (1982), *lv den* 417 Mich 1074 (1983). Reversal is not required if it is evident from the record that the prejudicial references were probably rendered harmless by a proper curative instruction. *Reetz v Kinsman Marine Transit Co,* 416 Mich 97; 330 NW2d 638 (1982).

In the present case, the references to plaintiff's workers' compensation were made by defendant's own witness who apparently had not been instructed by defendant to refrain from referring to any workers' compensation recovery received by plaintiff. The trial court instructed the jury to disregard the testimony shortly after the references were made. The court also gave an additional curative instruction to the jury during the final instructions. Under the circumstances, we conclude that the trial court did not err in refusing to grant a mistrial.

The jury verdict is set aside and the case remanded for a new trial.