WESSELS v E W BLISS COMPANY, INC

Docket No. 101435. Submitted August 11, 1988, at Grand Rapids. Decided April 6, 1989.

Randy Wessels, a power press operator by occupation, lost several fingers of his left hand when they were severed as he was operating a press manufactured by E. W. Bliss Company, Inc., and sold to his employer by Lakeshore Machinery & Supply Company. Wessels brought a product liability action in the Kalamazoo Circuit Court against Bliss and Lakeshore. Plaintiff alleged breach of implied warranties and negligence in the manufacture and sale of the press on the basis of the absence of a single-stroke mechanism which would have assured a single press stroke for each engagement and precluded an unintended repeat stroke in the event of mechanical failure or operator error. The trial court, Richard Ryan Lamb, J., granted summary disposition in favor of Lakeshore, ruling that there were no genuine issues of material fact and Lakeshore was entitled to judgment as a matter of law. Plaintiff appealed.

The Court of Appeals *held:*

1. A product is not defective if it is reasonably safe for its foreseeable uses. Here, in responding to Lakeshore's motion for summary disposition for lack of a genuine issue of fact with regard to the question whether the multipurpose press in this case was reasonably safe for all uses foreseeable to Lakeshore, plaintiff met his burden of showing a genuine issue of fact by controverting whether it was foreseeable that all potential applications of the press were unsafe in light of the failure to provide a single-stroke mechanism. The trial court therefore erred in granting summary disposition.

2. The sale of a product on an "as is" basis does not necessar-

REFERENCES

Am Jur 2d, Products Liability §§ 342, 368, 516, 944.

Products liability: manufacturer's or seller's obligation to supply or recommend available safety accessories in connection with industrial machinery or equipment. 99 ALR3d 693.

Construction and effect of affirmative provision in contract of sale by which purchaser agrees to take article "as is," in the condition in which it is, or equivalent term. 24 ALR3d 465.

ily foreclose a product liability claim based on either negligence or breach of implied warranty.

3. Although the duty to warn does not encompass open and obvious risks that are fully known to a product user, plaintiff's admitted knowledge that he would be injured if his hand were caught in the point-of-operation may not amount, as a factual matter, to a full appreciation of the mechanical hazards sufficient to defeat a claim for breach of the duty to warn.

Reversed and remanded.

MURPHY, J., concurred with the result reached by the majority, but wrote separately to state that he, unlike the majority, is not adopting the analysis in *Villar v E W Bliss Co,* 134 Mich App 116 (1984), lv den 422 Mich 871 (1985), for the reasons stated by Justice LEVIN in his dissent from the denial in that case of leave to appeal in the Supreme Court.

1. PRODUCTS LIABILITY — POWER PRESSES — SAFETY DEVICES — DUTY OF MANUFACTURER AND SELLER.

A manufacturer or seller of a press which is inoperable by itself until integrated with the purchaser's press system has no duty to provide safety devices not ordered by the purchaser, absent evidence that the manufacturer or seller knew or had specific reason to know that the purchaser would use the press unsafely.

2. PRODUCTS LIABILITY — "AS IS" SALE.

The sale of a product on an "as is" basis does not necessarily foreclose a product liability claim based on either negligence or breach of implied warranty.

3. PRODUCTS LIABILITY — NEGLIGENCE — FAILURE TO WARN.

A manufacturer's duty to warn of dangers associated with use of its product does not encompass open and obvious risks which are fully known to the user.

*Fielstra, Flynn, Reider, Wierengo & Brown, P.C.* (by *Andrew Wierengo, III*), for plaintiff.

*Rhoades, McKee, Boer, Goodrich & Titta* (by *Joel S. Huyser*), for defendant Lakeshore Machinery & Supply Company.

Before: Holbrook, Jr., P.J., and Murphy and C. O. Grathwohl,* JJ.

Per Curiam. Plaintiff brought this products liability action for personal injuries sustained in a workplace accident when the cycling action of a power press severed several fingers from plaintiff's left hand. The circuit court granted a motion for summary disposition made pursuant to MCR 2.116(C)(10) by defendant Lakeshore Machinery & Supply Company, the party that sold the press to plaintiff's employer, and plaintiff takes his appeal from that ruling. We reverse.

A motion for summary disposition pursuant to MCR 2.116(C)(10) tests whether there is factual support for the claim. *Metropolitan Life Ins Co v Reist*, 167 Mich App 112, 118; 421 NW2d 592 (1988), lv den 431 Mich 876 (1988). In deciding the motion, the lower court must consider affidavits, pleadings, depositions, admissions, and other documentary evidence submitted or filed by the parties. MCR 2.116(G)(5). Giving the benefit of any reasonable doubt to the party opposing the motion, the court must determine whether the record might be developed to leave open an issue upon which reasonable minds might differ. *Scameheorn v Bucks*, 167 Mich App 302, 306; 421 NW2d 918 (1988), lv den 430 Mich 886 (1988). The moving party must identify and support those issues as to which it believes that there is no genuine issue of material fact. MCR 2.116(G)(4); *Slaughter v Smith*, 167 Mich App 400, 403; 421 NW2d 702 (1988). The opposing party is then obligated to show by affidavit or other appropriate evidence that the identified issue is being factually controverted. MCR 2.116(G)(5); *Morganroth v Whitall*, 161 Mich App 785, 788-789; 411 NW2d 859 (1987). The court

---

* Circuit judge, sitting on the Court of Appeals by assignment.

should be liberal in finding a genuine issue of material fact. *St Paul Fire & Marine Ins Co v Quintana,* 165 Mich App 719, 722; 419 NW2d 60 (1988), lv den 430 Mich 885 (1988).

The circuit court's decision to grant summary disposition rested wholly on the legal rationale stated in *Villar v E W Bliss Co,* 134 Mich App 116; 350 NW2d 920 (1984), lv den 422 Mich 871 (1985). In *Villar,* the plaintiff brought suit against the manufacturer of a press for negligence and breach of implied warranty, both theories sharing the essential element of negligent design for failure to incorporate adequate safety devices. Relying on *Fredericks v General Motors Corp,* 411 Mich 712; 311 NW2d 725 (1981), a negligent entrustment case, the Court affirmed a directed verdict for the manufacturer of a multipurpose press, inoperable by itself until integrated with the user's press system and used in conjunction with dies, a power source, and a feeding mechanism. The Court concluded that, under such circumstances, the plaintiff's injuries were unforeseeable, thereby rejecting plaintiff's argument that the design should have included, among other items, a single-stroke mechanism. Our reading of *Villar* suggests that three criteria must be satisfied before its holding may be successfully invoked: (1) the press must be inoperable until it is integrated by the user (employer of the injured plaintiff) into its manufacturing processes, (2) the user, as the plaintiff's employer, owes the plaintiff a duty to provide a safe workplace pursuant to MCL 408.1011; MSA 17.50(11), and (3) the specific unsafe application of the press causing the accident was not foreseeable from the manufacturer's standpoint. See also *Bullock v Gulf & Western Mfg,* 128 Mich App 316; 340 NW2d 294 (1983).

It is the last criterion that is problematic in the

case at bar. We quote that portion of *Villar* providing an explanation and application of this requirement:

> A product is not defective if it is reasonably safe for its foreseeable uses. . . .
>
> Plaintiff's expert admitted that defendant's press was multi-purpose and that this meant it was designed for a wide variety of operations. He also admitted it was impossible for defendant to install a safety device which would cover all purposes to which the press could be assigned. At the time of sale, the press had neither a motor nor any dies and, thus, was incapable of injuring anyone in the way that plaintiff had been injured.
>
> It follows then that, absent evidence that defendant knew or had specific reason to know that the original purchaser would use the press unsafely, it had no duty to provide safety devices not ordered by that purchaser. In other words, the specific use to which plaintiff's employer put the machine was not *foreseeable* without *some* evidence that defendant knew or should have known of the purchaser's unsafe use. [134 Mich App 121. Emphasis in original.]

In the case at bar, as in *Villar,* the press was designed for multiple, but not an infinite number of, purposes and was incapable of causing injury of the nature sustained by plaintiff at the time of its sale by defendant. Like the manufacturer in *Villar,* it is defendant's factually supported contention that the manufacturer (or, in this case, the seller) of a press suitable for multiple purposes need not anticipate a particular application of the press and design a safety device that would be specific to that particular application. However, plaintiff submitted an affidavit of a consulting engineer that stated:

> That regardless of the particular use to be made

of the subject press by the purchaser, Goff Products, the press should have incorporated a single-stroke mechanism which is intended to assure a single press stroke for each engagement of the mechanical tripping means, to preclude an unintended repeat stroke in the event of mechanical failure or operator error. This requirement relates to the construction of the press, and is irrespective of the kind of point-of-operation safeguarding selected for the kind of tooling involved, and the related method of loading and unloading.

The affiant also gave testimony consistent with this statement at a deposition. In our view, plaintiff thereby met his burden of showing a genuine issue of fact by controverting whether it was foreseeable that all potential applications of the press were unsafe in light of the failure to provide a single-stroke mechanism.

Although the trial court did not rule on defendant's other contentions in support of summary disposition, we will briefly address those issues that the parties have briefed for purposes of this appeal. Even if it is assumed that there is no genuine issue of material fact concerning whether the sale of the press was made to plaintiff's employer on an "as is" basis, a disclaimer of this nature does not necessarily foreclose a tort-based products liability claim derived from either negligence or common-law implied warranty. *Blanchard v Monical Machinery Co,* 84 Mich App 279, 283-285; 269 NW2d 564 (1978). See also *Johnson v Purex Corp,* 128 Mich App 736, 740; 341 NW2d 198 (1983), lv den 419 Mich 901 (1984). Although the duty to warn does not encompass open and obvious risks which are fully known to the press operator, *Bullock, supra,* pp 322-323, plaintiff's admitted knowledge that he would be injured if his hand were caught in the point-of-operation

may not amount, as a factual matter, to a full appreciation of the mechanical hazards sufficient to defeat a claim for breach of the duty to warn. See *Downie v Kent Products,* 122 Mich App 722, 730-732, 733-734; 333 NW2d 528 (1983), aff'd in part and rev'd in part 420 Mich 197; 362 NW2d 605 (1984).

Reversed and remanded.

Murphy, J. *(concurring).* I concur with my colleagues that the trial court erred by granting defendant a summary disposition. I am not, however, prepared to adopt the analysis or holding in *Villar v E W Bliss Co,* 134 Mich App 116; 350 NW2d 920 (1984), lv den 422 Mich 871 (1985). I share some of Justice Levin's concerns expressed in his dissent when leave to appeal *Villar* was denied by the Michigan Supreme Court. *Villar, supra,* pp 871-873. Other points of concern I will leave for another day and another case.