RADFORD v NATIONAL INDEMNITY COMPANY

1. INSURANCE—AUTOMOBILES—STATUTES—NONRENEWAL—CANCELLATION NOTICE.

The statute providing that refusal to renew an automobile liability insurance policy does not constitute a cancellation unless the insurer fails to mail to the insured notice that the policy will not be renewed applies only to insurance policies issued after November 1, 1966; the statute does not apply to an automobile liability insurance policy issued July 30, 1966, and expiring July 30, 1967 (MCLA 500.3204).

2. INSURANCE—AUTOMOBILES—NONRENEWAL—NOTICE.

A trial court properly found no insurance policy in existence on August 24, 1967 where the uncontroverted pleadings showed that the policy was for the period of one year from July 30, 1966, the policy provided for mailing of notice of nonrenewal to the insured, and the insurer mailed the notice in compliance with the provision, and where there was no statute requiring actual notice of nonrenewal to the insured.

Appeal from Bay, John X. Theiler, J. Submitted Division 3 October 3, 1973, at Lansing. (Docket No. 14485.) Decided December 6, 1973. Leave to appeal denied, 391 Mich —.

Complaint by Maria Mercado Radford and others against National Indemnity Company and F. Arnold Shaw for recovery under an automobile insurance policy. Judgment for both defendants. Plaintiffs appeal. Affirmed.

*Carras & Carras,* for plaintiffs.

*Smith & Brooker, P. C.* (by *James W. Tarter),* for defendant National Indemnity Company.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 43 Am Jur 2d, Insurance § 386.

*Isackson & Neering, P. C.* (by *Stanley Zimostrad),* for defendant F. Arnold Shaw.

Before: McGREGOR, P. J., and BRONSON and CARLAND,* JJ.

CARLAND, J. Plaintiffs appeal as a matter of right from a partial summary judgment granted by the trial court in favor of the defendant National Indemnity Company, hereinafter called The Company, dated April 5, 1971, and from judgments of no cause for action in favor of both defendants dated June 2, 1972. The cause was tried by the court without a jury.

On July 29, 1966, plaintiff Maria Mercado (now Radford) sought and obtained from the defendant Shaw a policy of insurance granting coverage for an automobile owned by her and issued by The Company. The term of the policy so issued was for the period of one year from July 30, 1966, to July 30, 1967. Claiming that this policy was still in force on August 24, 1967, she seeks to recover damages sustained by herself and her passengers (the other plaintiffs) arising as the result of an accident occurring in the State of Texas between her car and that of an alleged uninsured motorist on the date above mentioned. She further denies the receipt of a notice of nonrenewal allegedly mailed her at her last known address on June 9, 1967, by J. M. Wilson Corporation, the Michigan general agent of The Company. In support of her claim plaintiff alleges that she never received a copy of the policy but that she relied upon the agreement between herself and defendant Shaw (whom she claims to have been the agent of The Company on the date of the issuance of the policy

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

in question) that the policy to be issued would be for a term of two years.

In defense of this action, the defendants deny that the policy in question was in force on August 24, 1967, deny any agreement to furnish a policy for a term of two years, and deny that Shaw was the agent of The Company.

The record fails to disclose that any proofs were taken at the time of the hearing on the motion for summary judgment filed by The Company. It is therefore assumed that the matter was submitted on the motion and answer thereto and supporting affidavits filed by the parties.

The affidavit of defendant Company alleged the following facts: that the Company issued the policy in question for a period of twelve months effective from 7-30-66 to 7-30-67; that it received a copy of the notice of intent not to renew dated June 9, 1967, mailed by its Michigan general agent, J. M. Wilson Corporation, directed to the named assured at the address shown in the policy; that the policy was not renewed and that no other policy was issued to plaintiff after July 30, 1967; that the policy so issued was pursuant to an application filed by plaintiff; that on June 9, 1967, J. M. Wilson Corporation sent to plaintiff a notice of intent not to renew and obtained a certificate of mailing from the United States Post Office in Kalamazoo, Michigan, for the envelope which contained the original of said notice; that the notice so sent was never returned to sender; that plaintiff paid as premium the sum of $445 which was the full premium due for said policy covering the period of 7-30-66 to 7-30-67.

None of the above facts are controverted in any way by the affidavit attached to plaintiff's answer to the motion for summary judgment although she

does deny receipt of the notice as above set forth. It should be noted further that nowhere in her complaint or in any subsequent pleading nor in any claim made at the pretrial does plaintiff attack the verity of the application for insurance or claim nonreceipt of the policy.

While disputing none of the claims of defendant, she asserts that nonreceipt of the notice kept the policy in force until the date of the accident on August 24, 1967. In support of this contention she relies upon the provisions of MCLA 500.3204(2); MSA 24.13204(2). Unfortunately for such a claim this statute was not effective until November 1, 1966, and applied only to policies issued after that date and hence did not apply to plaintiff's policy.

Plaintiff further relies upon the case of *Gooden v Camden Fire Insurance Association,* 11 Mich App 695; 162 NW2d 147 (1968), which only decided that notice of cancellation of an existing policy in compliance with the provision of MCLA 500.3020; MSA 24.13020 "requires actual receipt of notice".

Since at the time of the issuance of the policy in the case at bar there was no statute in existence requiring notice of nonrenewal, we must inquire as to whether the provisions of the policy itself had been complied with in this regard. The policy provides as follows:

"(2) NON-RENEWAL If the Company elects not to renew this policy it shall mail to the insured named in Item 1 of the declaration at the address shown in this policy by first class mail, a written notice of non-renewal not less than 20 days prior to the expiration date. The mailing of notice as aforesaid shall be sufficient proof of notice."

The Company having fully complied with the provisions of its policy in the mailing of the notice

here involved, there was no issue of fact for determination by the court and hence the finding that on August 24, 1967, there was no policy in existence was correct and the partial summary judgment of the trial court is affirmed.

There then remained for trial only the issue of the claim of the plaintiff that she had purchased insurance for a term of two years and the claimed agency relationship between defendant Shaw and The Company. At the conclusion of plaintiff's proofs motions were made for dismissal on the ground that plaintiff had failed to prove a cause of action. The court made certain determinations of fact and found that plaintiff had not sustained the burden of proof and granted the judgments dismissing the cause. Viewing the proofs as they existed at the close of plaintiff's proofs in the light most favorable to the plaintiff, we can come to no different conclusion.

Judgment affirmed with costs to the defendants.

All concurred.