SLAUGHTER v SMITH

Docket No. 96483. Submitted January 14, 1988, at Grand Rapids. Decided March 22, 1988.

In an action alleging negligence in connection with a November 1, 1983, motor vehicle accident brought in the Calhoun Circuit Court by Dennis B. Slaughter and others against Richard J. and Constance S. Smith, the Smiths filed a third-party complaint against their insurer, Cadillac Insurance Company, and insurance agent, All Drivers Insurance Center, Inc., after Cadillac Insurance refused to defend the Smiths against the negligence action on the basis that the Smiths were not insured at the time of the accident. The Smiths had obtained a six-month automobile insurance policy from Cadillac Insurance effective April 29, 1983, through October 29, 1983. The Smiths subsequently sought a change in insurers and on September 8, 1983, after receiving a temporary insurance binder from another insurer, they asked Cadillac Insurance to cancel its policy. The other insurer subsequently rejected the Smiths' application for insurance on September 20, 1983. On September 29, 1983, Cadillac Insurance sent the Smiths a notice of cancellation effective October 11, 1983. On October 4, 1983, Cadillac Insurance sent the Smiths a notice of reinstatement of the original six-month policy. The trial court, James C. Kingsley, J., granted summary disposition in favor of the Smiths on their claim against the third-party defendants ruling that no genuine issue as to any material fact existed and that the Smiths were entitled to judgment as a matter of law since the Smiths were not notified by Cadillac Insurance in accordance with a provision in the policy requiring that a notice of nonrenewal be given not less than twenty days prior to the policy's expiration date. The third-party defendants appealed.

The Court of Appeals *held:*

Although the policy expired on October 29, 1983, and Cadil-

REFERENCES

Am Jur 2d, Automobile Insurance §§ 36-38.

Am Jur 2d, Insurance §§ 380 *et seq.*

Actual receipt of cancellation notice mailed by insurer as prerequisite to cancellation of insurance. 40 ALR4th 867.

lac Insurance was not required by law to notify the Smiths of its intent not to renew the policy, Cadillac Insurance was nonetheless under a self-imposed obligation to notify the Smiths of its intent not to renew the policy. Thus, with no notice of nonrenewal or cancellation issued to the Smiths after the October 4, 1983, reinstatement, the policy continued to be effective on the date of the accident.

Affirmed.

INSURANCE — AUTOMOBILES — CANCELLATION — NOTICE.

A policy of automobile insurance with a provision requiring the insurer to notify its insured prior to the policy's expiration date of any intent not to renew the policy may remain in effect beyond the expiration date expressed in the policy when the insurer fails to notify the insured of its intent not to renew the policy.

*Stuart & Stuart* (by *Robert A. Cole*), for third-party plaintiffs Richard J. Smith and Constance S. Smith.

*Allen & Letzring* (by *Stephen L. Simons*), for third-party defendants Cadillac Insurance Company and All Drivers Insurance Center, Inc.

Before: G. R. McDONALD, P.J., and DOCTOROFF and R. E. ROBINSON,* JJ.

PER CURIAM. Third-party defendants appeals as of right from a judgment granting third-party plaintiffs' motion for summary disposition under MCR 2.116(C)(10), and denying third-party defendants' motion for summary disposition under the same rule. For purposes of clarity we shall refer to third-party plaintiffs as the Smiths and third-party defendants as Cadillac.

On April 29, 1983, Richard J. Smith purchased a six-month policy of insurance from Cadillac, through its agent, All Drivers Insurance Center,

* Former circuit judge, sitting on the Court of Appeals by assignment.

covering a 1966 GMC pickup truck owned by Richard J. Smith. This policy was to expire on October 29, 1983. In September of 1983, Richard J. and Constance S. Smith decided to change their insurance protection from Cadillac to Auto-Owners Insurance Company, and after receiving an insurance binder from Auto-Owners they asked Cadillac, on September 8, 1983, to cancel their policy with Cadillac.

On September 20, 1983, Auto-Owners notified the Smiths that their application for insurance had been rejected and that Auto-Owners coverage would end on October 12, 1983.

On September 29, 1983, Cadillac sent the Smiths a notice of cancellation effective October 11, 1983, for nonpayment of premium.

On October 4, 1983, Cadillac sent the Smiths a notice of reinstatement of the original six-month policy. This notice indicated that the Smiths' policy, which had been cancelled on August 2, 1983, was reinstated as of August 10, 1983.

On November 1, 1983, three days after the six-month policy expired, Richard Smith, while operating the GMC pickup, struck William L. Slaughter, son of plaintiffs herein.

Cadillac refused to defend the subsequent suit brought by plaintiffs against the Smiths, asserting that the Smiths were not, at the time of the accident, insured by Cadillac. This triggered the third-party complaint against Cadillac.

The first question to be answered is whether the trial judge erred in granting summary disposition to the Smiths on the ground that there was no genuine issue as to any material fact. We find no error.

A motion for summary disposition pursuant to MCR 2.116(C)(10) tests whether there is factual

support for a claim. The court must consider the pleadings, affidavits, depositions, admissions, and other documentary evidence available to it. Giving the benefit of any reasonable doubt to the opposing party, the court must determine whether the kind of record which might be developed would leave open an issue upon which reasonable minds might differ. *Fulton v Pontiac General Hospital,* 160 Mich App 728, 735; 408 NW2d 536 (1987); *Pauley v Hall,* 124 Mich App 255, 262; 335 NW2d 197 (1983), lv den 418 Mich 870 (1983); MCR 2.116(G)(4). The moving party must identify by supporting affidavits the facts it believes cannot be genuinely disputed. *Goldman v Loubella Extendables,* 91 Mich App 212, 217; 283 NW2d 695 (1979), lv den 407 Mich 901 (1979). The opposing party must show the existence of a factual dispute by submitting opposing affidavits, testimony, depositions, admissions or other documentary evidence. *Fulton, supra* at 735.

We are not talking here about cancellation of the insurance policy before its expiration date, but rather about a nonrenewal of the policy upon its expiration at the end of its term.

Michigan has no statute governing the procedures which must be followed by an insurer which elects not to renew its insured's auto policy.

MCL 500.3204(2); MSA 24.13204(2) provides:

> Refusal to renew any policy of automobile liability insurance shall not constitute a cancellation unless the insurer fails to mail, 20 days prior to the termination date of the policy, by first class mail, a notice to the insured that the policy will not be renewed.

It could be argued that the Legislature, by this language, is attempting to impose a notice require-

ment prior to nonrenewal at the expiration date of the policy. We note, however, that this provision appears in that portion of the statute dealing with cancellation of automobile liability policies (Chapter 32 of the Insurance Code), § 3208 of which specifically makes the chapter not applicable to termination of coverage at the end of any policy period. MCL 500.3208; MSA 24.13208.

In the absence of a statute governing nonrenewal, we look to the provisions of the policy itself. *Radford v National Indemnity Co,* 50 Mich App 698, 701; 213 NW2d 843 (1973).

The policy provides as follows:

> Non-Renewal. If the Company elects not to renew this policy, it shall mail to the insured named in item 1 of the declarations at the address shown in this policy, by first class mail, a written notice of non-renewal not less than 20 days prior to the expiration date.

In this case, Cadillac, on September 29, 1983, sent the Smiths a notice of cancellation which included a notice of intent not to renew the insurance policy. Before the notice of cancellation became effective on October 11, Cadillac on October 4 reinstated the policy. Did this reinstatement obligate Cadillac to send another notice of nonrenewal in order to bring the policy to an end on its expiration date? The trial judge thought so, and so do we.

There is no genuine issue here as to any material fact, only as to the consequences of those facts. Cadillac correctly argues that the insurance policy clearly indicates that it was to expire on October 29, 1983. It is also correct in its view that Michigan law does not mandate a notice by an insurer of intent not to renew an insurance contract. It is

not correct, however, in its apparent claim that the policy itself did not require Cadillac to notify the Smiths of its intent not to renew the policy. The trial judge reasoned, and we agree, that when Cadillac reinstated the policy after cancelling it (or sending notice of nonrenewal) it became obligated by its own agreement to again send notice of its intent either to cancel or not to renew.

No such notice having been sent, we now reach the question as to the status of the policy after October 29, 1983. Cadillac, while recognizing that failure to give a statutorily mandated notice results in a renewal of the policy, citing *Ray v Associated Indemnity Corp,* 373 So 2d 166 (La, 1979), and *Shore v Coronet Ins Co,* 7 Ill App 3d 782; 288 NE2d 887 (1972),[1] argues that the same result does not follow failure to give a policy mandated notice. This distinction escapes us.

Although neither the Michigan courts nor courts elsewhere, so far as we can determine, have addressed this question, it is the policy of this state that persons who suffer loss due to automobile accidents have a source and means of recovery. *State Farm Mutual Automobile Ins Co v Kurylowicz,* 67 Mich App 568, 574; 242 NW2d 530 (1976).

We note also that provisions of an insurance policy are to be strictly construed against the insurer. *Nickerson v Citizens Mutual Ins Co,* 393 Mich 324, 330; 224 NW2d 896 (1975); *Celina Mutual Ins Co v Citizens Ins Co,* 136 Mich App 315, 320-321; 355 NW2d 916 (1984).

If the courts have no trouble finding that failure to observe a notice requirement imposed by the state results in renewal of a policy, it is surely easier to find that a similar requirement self-im-

[1] See also *Zeman v Zack Agency, Inc,* 75 App Div 2d 261; 429 NYS2d 444 (1980).

posed by Cadillac likewise results in a renewal, and we so hold.

Citing *Ray v Associated Indemnity Corp, supra,* Cadillac asserts that no notice of nonrenewal was required because it was willing to renew the policy, as evidenced by its issuance of a new policy to the Smiths on November 2, 1983. If there is any merit to this argument, Cadillac's after-the-fact expression of its intent is insufficient to support it.

Judgment affirmed with costs to third-party plaintiffs-appellees.