MAJOR v AUTO CLUB INSURANCE ASSOCIATION

Docket No. 109072. Submitted June 20, 1990, at Detroit. Decided
September 12, 1990. Leave to appeal applied for.

Perry Major brought an action in the Wayne Circuit Court,
William J. Giovan, J., against Auto Club Insurance Association
for the payment of medical benefits pursuant to the no-fault
automobile insurance act. Defendant had refused to pay for the
medical treatment which was rendered by doctors who did not
participate in Health Care Network, a health care program
furnished by plaintiff's employer which required that plaintiff
be treated by physicians participating in the program. Defen-
dant moved for summary disposition alleging that plaintiff, who
paid a reduced premium in exchange for coordinated medical
benefits coverage, was required to seek benefits from Health
Care Network before seeking payment from defendant. The
trial court denied the motion. Defendant appealed by leave
granted.

The Court of Appeals *held:*

An insured who voluntarily chooses to pay a reduced pre-
mium in exchange for coordinated medical benefits coverage is
required to seek benefits provided by the primary insurer
before seeking payment from the no-fault insurer. Plaintiff, by
choosing coordinated medical benefits, agreed to make Health
Care Network the primary insurer and may not choose which
insurer will pay benefits.

Reversed.

CYNAR, J., concurred; however, he noted that different facts
may necessitate a different result.

INSURANCE — NO-FAULT — COORDINATION OF BENEFITS.

An insured who elects to pay a reduced premium to a no-fault
insurer in exchange for coordinated medical benefits coverage
is required to seek benefits from the primary health insurance
carrier before seeking payment from the no-fault insurer (MCL
500.3109a; MSA 24.13109[1]).

REFERENCES

Am Jur 2d, Automobile Insurance §§ 340, 359.

See the Index to Annotations under Automobile Insurance; No-
Fault Insurance.

*Gursten, Wigod, Koltonow & Falzon, P.C.* (by *Kevin A. McNeely*), for plaintiff.

*Brandt, Hanlon, Becker, Lanctot, McCutcheon, Martin & Schoolmaster* (by *Michael R. Bruss*), and *Nancy L. Bosh,* of Counsel, for defendant.

Before: DANHOF, C.J., and CYNAR and BRENNAN, JJ.

PER CURIAM. Defendant appeals by leave granted the denial of its motion for summary disposition. MCR 2.116(C)(10). This action involves a claim by plaintiff against defendant for payment of medical benefits pursuant to the no-fault insurance act, MCL 500.3109; MSA 24.13109. The sole issue before this Court is whether an insured, who pays a reduced premium to the no-fault insurer in exchange for coordinated medical benefits coverage, is required to seek benefits from the primary insurer before seeking payment from the no-fault insurer. We answer in the affirmative and reverse the trial court's decision.

The facts of this case are not in dispute. In 1985, plaintiff was injured in a nonwork-related automobile accident. At the time of the accident, plaintiff was enrolled in Health Care Network (HCN), a health care program furnished by his employer. Plaintiff was required under that program to be treated by designated approved physicians. Plaintiff also had coordinated medical benefits coverage through defendant, his automobile insurer. Plaintiff did not receive treatment from doctors participating in the HCN plan, but received his treatment from nonparticipating doctors. It is alleged and not disputed that the type of treatment that defendant received was available from doctors who participated in the HCN plan. Plaintiff sought payment

from defendant for these medical expenses. Defendant refused to pay for any of the medical treatment rendered by doctors who did not participate in the HCN plan. Defendant cited the coordinated benefits provision of the insurance policy and indicated that the provision required that plaintiff be treated by HCN doctors. Plaintiff filed suit against defendant for payment of medical benefits.

Defendant brought a motion for summary disposition, arguing that defendant was not required to pay benefits for medical expenses incurred outside of the HCN program due to the coordinated benefits provision of the policy.

In denying defendant's motion for summary disposition, the trial court contrasted the language of the medical coordination provision and the absence of any cooperation requirement with the specific recitation of the insured's various obligations in seeking mandatorily required benefits as set forth in a provision explaining the mandatory coordination features of MCL 500.3109; MSA 24.13109 for an insured seeking government benefits. The trial court concluded:

> The obligation of the insured to seek available government benefits and the consequence for failure to pursue them are quite explicit, and yet that language is not used regarding other medical insurance. The difference in treatment carries the natural implication that those provisions do not apply in the latter instance and, accordingly, that the deduction for benefits available but not sought applies only to government benefits. The insurer, presumably, was free to articulate the same explicit duty and penalty regarding other medical insurance but it has simply not done so in this contract.

On appeal, defendant contends that the trial

court erred in denying its motion for summary disposition. Defendant argues that by choosing coordinated medical benefits plaintiff agreed to make HCN the primary insurer and may not choose which insurer will pay benefits. We agree.

A motion for summary disposition under MCR 2.116(C)(10) tests whether there is factual support for a claim. The court must consider the pleadings, affidavits, depositions, admissions and other documentary evidence available to it. *Dumas v Auto Club Ins Ass'n,* 168 Mich App 619, 626; 425 NW2d 480 (1988).

The moving party must identify by supporting affidavit those facts which it believes cannot be genuinely disputed. *Slaughter v Smith,* 167 Mich App 400, 403; 421 NW2d 702 (1988). The party opposing the motion has the burden of showing that a genuine issue of disputed fact exists. *Dumas, supra.* The opposing party may not rest upon mere allegations or denial in the pleadings, but must, by affidavit *or other* documentary evidence, set forth specific facts showing that there is a genuine issue for trial. MCR 2.116(G)(4); *Metropolitan Life Ins Co v Reist,* 167 Mich App 112, 118; 421 NW2d 592 (1988), lv den 431 Mich 877 (1988).

The coordination provision of plaintiff's policy states:

> If the Declaration Certificate shows Coordinated Medical Benefits, sums paid or payable to or for *you* or any *relative* shall be reduced by any amount paid or payable under any valid and collectible: individual, blanket or group disability or hospitalization insurance; medical, surgical or hospital direct pay or reimbursement health care plan; Workers' Compensation Law, disability law of a similar nature, or any other *state* or federal law; or *car* or premises insurance affording medical expense benefits. [Emphasis in original.]

It is uncontested that plaintiff's declaration certificate showed coordination of medical benefits.

This coordination provision is required to be offered to insureds pursuant to MCL 500.3109a; MSA 24.13109(1), which provides:

> An insurer providing personal protection insurance benefits shall offer, at appropriately reduced premium rates, deductibles and exclusions reasonably related to other health and accident coverage on the insured. The deductibles and exclusions required to be offered by this section shall be subject to prior approval by the commissioner and shall apply only to benefits payable to the person named in the policy, the spouse of the insured and any relative of either domiciled in the same household.

Our Supreme Court in *Federal Kemper Ins Co, Inc v Health Ins Administration, Inc,* 424 Mich 537, 551-552; 383 NW2d 590 (1986), explained the broad policy rationale behind the coordinated benefits provision of § 3109a:

> [T]o contain both auto insurance costs and health care costs, while eliminating duplicative recovery. Further, this result is consistent with the legislative scheme vesting in insureds, rather than insurers, the option of coordinating benefits.

On these grounds, the Supreme Court declared that an insured's health insurance coverage was to be the primary insurer regardless of policy language which attempted to force the opposite result. The Court based its holding on the Legislature's purpose in enacting § 3109a: reducing insurance costs by lessening the cost of no-fault policies in dual coverage situations. In the face of such strong policy considerations, we do not believe that the statutory scheme allows an insured to simply

ignore an existing health care benefit and frustrate the entire coordination program, a program which provided a statutorily mandated reduced insurance premium for plaintiff in this case.

Plaintiff claims that defendant contractually agreed, under the policy, to pay any expenses not covered by plaintiff's HCN plan irrespective of whether or not plaintiff sought treatment under the HCN plan first. In contrast, defendant claims that plaintiff agreed that HCN would be the primary insurer and therefore plaintiff had a duty to seek treatment under the HCN plan first. Both parties rely on two cases which had not been decided at the time the trial court denied defendant's motion, *Calhoun v Auto Club Ins Ass'n,* 177 Mich App 85; 441 NW2d 54 (1989), lv den 434 Mich 894 (1990), and *Morgan v Citizens Ins Co of America,* 432 Mich 640; 442 NW2d 626 (1989), reh den 433 Mich 1201 (1989).

In *Calhoun,* a case similar to the instant case,[1] a panel of this Court held that an insured who obtained a coordinated benefits clause from the no-fault insurer was not obligated to "seek all possible health care benefits from his HMO plan prior to making a claim for benefits under his no-fault policy" because the insurer did not include "specific language to that effect in its coordination of benefits clause." *Calhoun,* 91.

Subsequent to *Calhoun,* our Supreme Court in *Morgan, supra,* ruled that an insured may not be required, under the mandatory setoff of governmental benefits provided for by MCL 500.3109; MSA 24.13109, "to avail himself of whatever medical service in kind a governmental source may provide," noting that "[g]overnmental medical ser-

---

[1] The defendant in *Calhoun* is the same insurer, Auto Club, which is the defendant in the instant case and the coordinated benefits clauses at issue in each case are identical.

vice may not be comparable in quality and service with the doctor or hospital service that the injured person purchased or may be able to purchase with the no-fault dollar." *Id.* at 647. In a footnote, however, the Court noted:

We express no opinion whether an injured person who has contracted for a reduced premium under § 3109a (MCL 500.3109a; MSA 24.13109[1]), and thus has voluntarily agreed that other insurance will be primary for medical benefits, may seek recovery from a no-fault insurer unless he was unable to obtain medical care from a facility designated, pursuant to the contract with the primary insurer, by the primary insurer.

Similarly, we express no opinion whether, *if* Morgan contracted for a reduced premium under § 3109a on the basis of medical benefits available through his employment by the federal government, he voluntarily agreed that such benefits would be primary and may not seek recovery from Citizens unless he was unable to obtain medical care from a facility designated by the federal government which, in that hypothesis, has or may have, in effect, become the primary insurer for the purpose of coordination under § 3109a. [*Id.*]

As the Supreme Court recognized in *Morgan,* a distinction exists between the duties imposed upon an insured by § 3109 of the no-fault statute and duties imposed upon the insured by his free choice in selecting coordinated medical benefits in exchange for a reduced premium. The insured's choice of treating physicians or facilities in such a situation is limited not by the no-fault insurer, but rather by the terms of the contract with the primary health insurer.

We disagree with the trial court and the *Calhoun* Court's decision that, had defendant intended that plaintiff seek all possible health care

benefits from his primary health insurer prior to making a claim for benefits under his no-fault policy, defendant should have included specific language to that effect in his coordination of benefits clause. This Court in *United States Fidelity & Guaranty Co v Group Health Plan of Southeast Michigan,* 131 Mich App 268, 273; 345 NW2d 683 (1983), interpreted similar language in a no-fault policy as not "easy for a layman to understand, [but] once deciphered, it clearly states that the insurer has only secondary liability." We find that here, the coordination of benefits provision of defendant's insurance policy deems defendant to be an insurer of last resort responsible for expenses uncovered by the insured's primary insurer.

We disagree with the *Calhoun* Court's holding that an insured who selected coordinated medical benefits coverage in his no-fault policy in exchange for a reduced premium was not required to seek treatment from his primary health insurer, but could seek treatment elsewhere at the expense of the no-fault insurer. We believe that this holding is incorrect, and the *Calhoun* decision is not persuasive to this Court. To further the purpose of § 3109a, we hold that an insured, who pays a reduced premium in exchange for coordinated medical benefits coverage, is required to seek benefits provided by the primary insurer before seeking payment from the no-fault insurer.

Our decision is made in the factual context in which the insured chose coordinated coverage and the no-fault insurer, accordingly, charged a lower premium rate. We express no view as to what the result would be when the insured does not so elect and the no-fault premium is not correspondingly reduced.

For the foregoing reasons, the order of the trial

court denying summary judgment in favor of defendant is reversed.

Reversed.

CYNAR, J. *(concurring)* I write separately to express my concurrence with the result reached by the majority opinion under the specific facts of this case. While I agree with the majority that an insured who voluntarily elects coordinated coverage in exchange for a reduced premium rate is under some duty to seek out comparable health benefits offered by the primary issuer, I nevertheless envision that there may be any number of fact patterns which may limit the extent of that duty and, consequently, necessitate a different result.