TOUSIGNANT v ALLSTATE INSURANCE COMPANY

Docket No. 122987. Submitted November 12, 1991, at Detroit. Decided
April 6, 1992, at 9:25 A.M. Leave to appeal sought.

Louise A. Tousignant brought an action in the Oakland Circuit
Court against Allstate Insurance Company, her no-fault in-
surer, seeking recovery of unpaid claims for medical services
that arose out of injuries suffered in an automobile accident
and that were not paid by her primary health care provider, a
health maintenance organization. The plaintiff had filed with
the defendant a claim for expenses incurred for treatments
performed by doctors and dentists who were not members of
her HMO and whose expenses were not covered by the HMO. The
defendant denied the claim on the basis of the coordination of
benefits clause in the no-fault policy. The court, Robert L.
Templin, J., granted summary disposition for the defendant,
holding that it was not liable to the extent that the outside
medical services were available through the HMO. The plaintiff
appealed.

The Court of Appeals held:

The plaintiff was not required by the coordination of benefits
provision of the no-fault policy to seek all possible treatment
from physicians in her HMO before she could receive no-fault
insurance benefits for medical services not provided by the
HMO.

Reversed.

WEAVER, P.J., dissenting, stated that the plaintiff should not
be allowed to ignore an existing health care benefit and frus-
trate the coordination of benefits provision by being granted no-
fault benefits for outside medical benefits that she could have
received from her HMO.

REFERENCES
Am Jur 2d, Automobile Insurance §§ 291, 292, 359, 368.
Priority and apportionment of liability between medical and hospi-
tal expense insurers. 25 ALR4th 1022.
Validity and construction of no-fault automobile insurance plans
providing for reduction of benefits otherwise payable by amounts
received from independent collateral source. 10 ALR4th 996.

INSURANCE — NO-FAULT — COORDINATION OF BENEFITS — HEALTH
MAINTENANCE ORGANIZATIONS.

> A member of a health maintenance organization who is injured
> in an automobile accident is not required to seek all possible
> treatment from physicians included in the HMO before being
> entitled to no-fault insurance benefits for medical care not
> provided by the HMO where the coordination of benefits clause
> in the no-fault policy does not require that all possible treat-
> ment be sought through the HMO before seeking medical care
> elsewhere.

*Louis Gordon,* for the plaintiff.

*Mitchell & Leon* (by *Christina B. Bailey*) (*Cheatham & Acker, P.C.,* by *James G. Gross* and *Mary T. Nemeth,* of Counsel), for the defendant.

Before: WEAVER, P.J., and MICHAEL J. KELLY and MARILYN KELLY, JJ.

MICHAEL J. KELLY, J. In this action for reimbursement of medical expenses, plaintiff appeals as of right from an order granting defendant summary disposition pursuant to MCR 2.116(C)(9) and (10). We reverse.

Plaintiff was injured in an automobile accident on July 18, 1987. At that time, her primary health care provider was a health maintenance organization, Health Alliance Plan. Plaintiff first sought and obtained treatment through her HMO. However, she subsequently was treated by dentists and doctors who were not members of the HMO. These expenses were not covered by the HMO, and plaintiff submitted a claim to defendant, her automobile insurer. Plaintiff did not assert that the medical care she received was unavailable through her HMO. Defendant denied the claim on the basis of the coordination of benefits clause contained in its no-fault insurance policy. Plaintiff then brought this action.

The coordination of medical benefits clause contained in the no-fault insurance policy reads as follows:

> If medical expense benefits are identified as excess under Coverage VA in the declarations, Allstate shall not be liable to the extent that any elements of loss covered under Personal Protection Insurance allowable expenses benefits are paid, payable or required to be provided to or on behalf of the named insured or any relative under the provisions of any valid and collectible
> (a) individual, blanket or group accident disability or hospitalization insurance,
> (b) medical or surgical reimbursement plan.

The trial court ruled that the defendant was "not liable to reimburse the plaintiff to the extent that the expense would have been provided on behalf of plaintiff through the HMO."

The sole issue on appeal is whether an insured is required to seek all possible treatment from physicians available pursuant to the insured's health coverage before being entitled to no-fault insurance benefits for medical care not covered by health coverage. Plaintiff argues that the coordination of benefits clause did not require her to seek treatment from a member of the HMO as a prerequisite to obtaining no-fault medical benefits. We agree.

There is a conflict among panels of this Court with regard to the issue presented on appeal. See *Calhoun v Auto Club Ins Ass'n,* 177 Mich App 85; 441 NW2d 54 (1989), and *Major v Auto Club Ins Ass'n,* 185 Mich App 437; 462 NW2d 771 (1990). In *Calhoun,* this Court held that an insured who selected coordinated medical benefits coverage in his no-fault policy in exchange for a reduced premium was not required to seek treatment from his

primary health insurer, but could seek treatment elsewhere and be covered by the no-fault carrier. In *Major,* the opposite result was reached. The *Major* Court held that an insured who pays a reduced premium in exchange for coordinated medical benefits coverage is required to seek benefits provided by the primary insurer before seeking payment from the no-fault insurer. *Major, supra* at 444.

We resolve the conflict by following *Calhoun.*

We believe *Calhoun* represents the better-reasoned view. As indicated in *Calhoun,* no-fault insurers are required by statute to offer policies including coordination of benefits clauses. MCL 500.3109a; MSA 24.13109(1). When an HMO member chooses to have coordination of benefits under a no-fault policy, the HMO is the primary medical insurer. *Calhoun, supra* at 90. We agree with the *Calhoun* Court and hold that, although her HMO was considered the primary health insurer, plaintiff's failure to seek all possible health care through her HMO does not preclude her recovery from defendant of medical expenses not covered by her HMO. Nothing in the language of the coordination of benefits clause contained in the no-fault contract requires plaintiff to seek all possible treatment through her HMO before she may receive no-fault insurance benefits for medical care not covered by her health coverage. We also agree with *Calhoun* to the extent that if defendant had intended that plaintiff seek all possible health care benefits from her HMO before making a claim for benefits under her no-fault policy, "defendant should have included specific language to that effect in its coordination of benefits clause." *Id.* at 91.

Further, we believe our decision today is in accord with the policies underlined in § 3109a. The

basic legislative purposes of § 3109a are to reduce duplicative coverage, thereby reducing insurance premiums, and to help reduce the rising prices of health care and insurance by making an insured party's health coverage primary. Because plaintiff cannot recover the medical expenses in question from her HMO, no double coverage or recovery is involved.

> Where there is no duplicative coverage, . . . the only means to further lower health care costs would be to eliminate the sole medical coverage to the insured. This would be contrary to the overall objective of the no-fault act, which is to provide assured, adequate, and prompt recovery. [*Id.* at 92.]

In interpreting the specific language of the coordination of benefits clause in this case, we hold that plaintiff was not required to seek all available medical care from her HMO as a prerequisite to seeking reimbursement from defendant no-fault insurer for other care not provided by the HMO.

The order of the trial court granting summary disposition in favor of defendant is reversed.

Reversed.

MARILYN KELLY, J., concurred.

WEAVER, P.J. *(dissenting).* I dissent.

I would follow *Major v Auto Club Ins Ass'n,* 185 Mich App 437; 462 NW2d 771 (1990), which holds that an insured who pays a reduced premium in exchange for coordinated medical benefits coverage is required to seek benefits provided by the primary insurer before seeking payment from the no-fault insurer.

I consider this the better approach in light of the purpose of the coordinated-benefits provision of MCL 500.3109a; MSA 24.13109(1). Our Supreme

Court in *Federal Kemper Ins Co, Inc v Health Ins Administration, Inc,* 424 Mich 537, 551-552; 383 NW2d 590 (1986), explained that the rationale behind this provision is

> to contain both auto insurance costs and health care costs, while eliminating duplicative recovery. Further, this result is consistent with the legislative scheme vesting in insureds, rather than insurers, the option of coordinating benefits.

As the Pennsylvania Superior Court has held in this situation, the proper focus of inquiry is on what benefits were *available* to the insured at the time of the accident, before the insured took unilateral action to seek non-HMO medical treatment. *Carr v Erie Ins Co,* 342 Pa Super 429; 493 A2d 97 (1985); *Connolly v Metropolitan Ins Co,* 397 Pa Super 284; 580 A2d 35 (1990).

I agree with the reasoning that an insured should not be allowed to "ignore an existing health care benefit and frustrate the entire coordination program." *Major, supra,* p 442.

I would affirm.