COLLINS v FRANKENMUTH MUTUAL INSURANCE COMPANY

Docket No. 123297. Submitted December 12, 1991, at Lansing. Decided April 21, 1992, at 9:10 A.M. Leave to appeal sought.

Joyce Collins, for herself and as conservator of the estate of Michael Collins, brought an action in the Saginaw Circuit Court against Frankenmuth Mutual Insurance Company and others, seeking in part a declaration that Michael Collins was covered by a no-fault automobile insurance policy issued by Frankenmuth when he sustained paralyzing injuries in an automobile accident. Before the accident, Michael Collins had obtained the policy through an independent insurance agency. He thereafter made an oral and a written request through the agency for cancellation of the policy. Frankenmuth, however, canceled the policy of another insured who also was named Michael Collins. The accident occurred before the expiration of the original period of coverage, and the independent insurance agency was notified. Frankenmuth thereafter issued a cancellation letter and a refund of the premium payments to reflect cancellation before the termination of the original period of coverage, and denied no-fault benefits for Michael Collins' injuries. The court, Robert L. Kaczmarek, J., granted partial summary disposition for the plaintiff and issued the declaration of coverage she had sought.

The Court of Appeals *held*:

Under MCL 500.3020(1)(a); MSA 24.13020(1)(a), an insured's freedom to contract and to avoid unneeded or unwanted premiums includes the right to cancel unilaterally a policy of insurance. Cancellation is effective upon the insured so declaring. Thus, in this case, Frankenmuth and the independent insurance agency were without authority to reinstate the policy or continue it contrary to Michael Collins' oral and written requests for cancellation.

Reversed.

REFERENCES

Am Jur 2d, Automobile Insurance §§ 29-33, 36-40, 110-118, 247, 276, 462-464; Insurance §§ 380-442.

See the Index to Annotations under Automobile Insurance; Insurance and Insurance Companies.

Insurance — Casualty Policies — Cancellation.

> An insured's freedom to contract and to avoid unneeded or unwanted premiums includes the right to cancel unilaterally a policy of insurance; cancellation is effective upon the insured so declaring, and the insurer may not reinstate or continue the policy against the insured's expressed wishes (MCL 500.3020[1][a]; MSA 24.13020[1][a]).

*Miller & Lemberg, P.C.* (by *Wayne J. Miller*), for the plaintiff.

*McGraw, Borchard & Martin, P.C.* (by *Joseph S. Harrison*), for the defendant.

Before: Weaver, P.J., and MacKenzie and Fitz-Gerald, JJ.

Per Curiam. Defendant Frankenmuth Mutual Insurance Company appeals by leave granted from an order denying its motion for summary disposition and granting partial summary disposition in favor of plaintiff. We reverse.

Frankenmuth was Michael Collins' no-fault insurer. The insurance policy at issue in this case provided no-fault coverage to Collins from June 12, 1980, until September 12, 1980, and was procured through the Schemm independent insurance agency. The Schemm agency paid Frankenmuth the full premium when it issued the policy and then billed Collins for the amount it had paid. Collins made an initial partial payment to the Schemm agency, leaving a $51.09 balance on his agency account.

Collins subsequently decided to move out of state, store his vehicles, and cancel his no-fault insurance. On July 23, 1980, he went to the Schemm agency, where he completed and signed a form requesting cancellation effective July 25. Frankenmuth received the form on July 24.

Frankenmuth had three different insureds named Michael Collins. Instead of canceling the automobile policy of the Michael Collins involved in this case, Frankenmuth canceled the boat insurance policy of a Michael Collins who lived in Indiana.

On August 12, the Schemm agency sent a bill for the unpaid account balance of $51.09 to Michael Collins in care of his parents at their address. Michael's mother, plaintiff Joyce Collins, paid Schemm that amount on August 18. With this payment, Michael's account with Schemm was paid through September 12.

On September 7, Michael Collins was riding his bicycle when he was struck by an automobile driven by an uninsured motorist. He suffered severe brain injuries and quadriplegia.

The Schemm agency was notified of Michael Collins' injuries on September 15. On November 26, Frankenmuth issued a "cancellation memo" regarding his policy and sent it and a $36.40 return of premium to the Schemm agency, which in turn forwarded the refund check to Michael Collins.

Plaintiff Joyce Collins, Michael Collins' conservator, claimed that Collins was insured by Frankenmuth at the time of the accident. The trial court agreed, concluding that the payment of Collins' $51.09 account balance, along with Frankenmuth's failure to issue a cancellation notice, continued no-fault coverage through September 12. On appeal, Frankenmuth contends this ruling was erroneous. We agree.

In determining that Collins was covered at the time of the accident, the trial court relied on *Slaughter v Smith,* 167 Mich App 400; 421 NW2d 702 (1988). That case is clearly distinguishable from this case, however. In *Slaughter,* the insurer

refused to renew a no-fault policy previously issued to the insureds. This Court held that the insurer did not provide proper notice of its nonrenewal and that the lack of proper notice justified imposing on the insurer a duty to defend and to indemnify. The *Slaughter* Court specifically stated, however, that "[w]e are not talking here about cancellation of the insurance policy before its expiration date, but rather about a nonrenewal of the policy upon its expiration at the end of its term." 167 Mich App 403.

We conclude that the dispositive case in this matter is *Blekkenk v Allstate Ins Co,* 152 Mich App 65; 393 NW2d 883 (1986). In *Blekkenk,* this Court stated:

> MCL 500.3020(1)(a); MSA 24.13020(1)(a), governing cancellation by the insured, mandates that the policy contain a provision that the policy may be canceled "at any time at the request of the insured." We think that this statute prohibits a construction of Allstate's policy that would preclude oral cancellation by the insured as occurred in this case. . . .
>
> As is evident from the cases of *Schroeder* [v *Farmers' Mutual Fire Ins Co,* 87 Mich 310; 49 NW 536 (1891)] and *Nichol* [v *Murphy,* 145 Mich 424; 108 NW 704 (1906)] . . . policyholders share an interest not only in having coverage but also in avoiding unneeded or unwanted premiums and coverage. . . . [W]e have not found in the case law that a public policy has been identified mandating a certain level of protection in favor of coverage and thus limiting the insured's freedom to contract. . . .
>
> The clear language of subsection (1)(a) provides that the insured may cancel his policy at any time upon request.
>
> * * *
>
> Blekkenk's cancellation was in accord with MCL

500.3020(1)(a); MSA 24.13020(1)(a). That he intended to cancel and that Allstate's agent accepted his cancellation are without dispute. . . . The facts being undisputed, the trial court correctly concluded as a matter of law that Blekkenk was without coverage . . . . [152 Mich App 78-80.]

*Blekkenk* is directly on point here. Michael Collins both orally and in writing canceled his no-fault policy on July 23. He stated that he wished the cancellation to be effective on July 25. Frankenmuth's agent, the Schemm agency, accepted the cancellation and promptly forwarded the written cancellation to Frankenmuth. The insurer, and its agency, were simply without authority to reinstate the policy or continue it contrary to Michael Collins' expressed wishes. Furthermore, the delay in sending a cancellation memo and in refunding the balance of Michael Collins' premium after his cancellation does not warrant treating the policy as if it continued in force. Under MCL 500.3020(1) (a); MSA 24.13020(1)(a), the insured's freedom to contract and to avoid unneeded or unwanted premiums includes the right to unilaterally cancel the policy of insurance, and that cancellation is effective upon the insured so declaring. *Blekkenk, supra.*

Given our conclusion that Collins' cancellation of his no-fault policy was effective several weeks before he was injured, it follows that Frankenmuth did not breach its contract with Collins when it denied coverage. Accordingly, the decision of the trial court denying Frankenmuth's motion for summary disposition and granting partial summary disposition in favor of plaintiff is reversed. This disposition makes it unnecessary to consider Frankenmuth's remaining claims on appeal.

Reversed.